JOHN MATHEWS *v.* STATE.

[59 South. 842.]

CRIMINAL LAW.  *Confessions.   Voluntary character.*

Where a defendant, a negro boy fourteen years òld, was charged
with stealing a diamond pin and denied any knowledge of the
whereabouts of the property and the owner having failed to get
a confession from him by various promises, sent for the town
marshal who told the boy that it would be better for him to get
the pin, and th'at if he would tell the truth about the pin and
get it "it would be all right," and further said to the defendant,
"John, tell me all about this, I don't want to put you in trouble,"
and after being whipped the defendant confessed.   Such a con-
fession was not voluntary and should have been excluded.

APPEAL from the circuit court of Claiborne county.
HON. H. C. MOUNGER, Judge.
John Mathews was convicted of larceny and appeals.
The facts are fully stated in the opinion of the court.

*R. B. Anderson,* for appellant.

The alleged confessions to Mr. Magruder which were
admitted in evidence were inadmissible on two grounds,
to-wit:

First.   Because the first confession made to Mrs.
Heath, being tainted with the effect of threats, persua-
sion and violence would be presumed in law to make
illegal and impertinent any second confession.   This
court has repeatedly held to this proposition, and I hesi-
tate to cite authorities to sustain such a well-known prin-
ciple of the law of evidence. *Banks* v. *State,* 47 So. 437;
Wigmore on Evidence, 986; *State* v. *Smith,* 72 Miss. 420;
*Harvey* v. *State,* 20 So. 837; *McMaster* v. *State,* 34 So.
156; *Blalock* v. *State,* 79 Miss. 517.

Second.   The alleged confessions were inadmissible be-
cause they were in no wise free and voluntary.

To say that the town marshal could obtain a free and voluntary confession from a boy of fourteen years, after telling the boy that "it would be better" to tell the truth; and that "all Mrs. Heath wanted was her pin," and the child having been flogged until he cried, taken into an outhouse by two men and there beaten into saying he had taken the pin but had lost it, is to the unbiased mind, an absurdity. The assertion is here ventured that with the "bribery," the "persuasion," the flattery," the "flogging" and the "fear" (all appearing in the record), this court has scarcely met with a case where the rules of evidence were so utterly riddled as in admitting this testimony. Now, furthermore, Mrs. Heath says that she heard Mr. Magruder trying to frighten the little negro, and the defendant, himself, testifies that he was scared by the marshal. On page fourteen of the record, it will be seen that Mrs. Heath said in reply to counsel that Mr. Magruder told him, "You tell me the truth about this and we will not do anything to you," and on page 15 she says that she told him, "I would not do a thing with him."

*Claude Clayton,* assistant attorney-general, for the state.

Mr. Magruder, the marshal, testified that the young negro was not frightened or crying; that he offered him no inducement, such as immunity from prosecution, etc.

Sarah Moore, the cook for the Heaths, testified that Mr. Richmond and Mr. John Heath whipped the appellant, and that appellant confessed, after being whipped, that he got the pin, and lost it after having stolen it.

John Matthews testified in his own behalf, and the substance of his testimony is as follows:

That he was sweeping the hall; that Mrs. Heath called him from his breakfast and asked him if he knew anything about the stolen pin; that he replied that he did not; that Mr. Magruder, the policeman came to the house, and "scared" him into confessing to the theft.

I respectfully submit this case, without any further observation upon my part, to the consideration of this court.

REED, J., delivered the opinion of the court.

Appellant, a negro boy fourteen years of age, was convicted of stealing a diamond pin from Mrs. Heath, which she valued at about three hundred and fifty dollars.

It is shown that Mrs. Heath wore the pin at all times, during the night as well as the day. The pin was lost on a certain morning in September, 1910. Mrs. Heath testified that she placed the pin on a cushion in her room and went to breakfast, and when she returned to the room she missed the pin. The appellant was in the employ of Mrs. Heath, and she had directed him to sweep the hall into which her room opened. She accused the boy, and at first he denied any knowledge of the whereabouts of the pin. Having failed to get a confession from him by various promises, she sent for the town marshal, Mr. Magruder, who took him in hand. Mr. Magruder told the boy that it would be better for him to get the pin, and said that, if he would tell the truth about the pin and get it, "it would be all right," and also said, "John, tell me all about this; I don't want to put you in any trouble." Mr. Magruder made two visits to the boy. It is shown by the testimony that appellant made confessions to Mr. Magruder. It is also shown that the appellant was whipped during the day by Messrs. Richmond and Heath, and that he confessed after being whipped.

The trial court erred in admitting the confessions made by appellant under the circumstances in this case. Such confessions were surely not free and voluntary.

*Reversed and remanded.*