338 So.2d 395 (1976)
Charles LEE
v.
STATE of Mississippi.
No. 49348.
Supreme Court of Mississippi.
October 12, 1976.
Rehearing Denied November 9, 1976.
*396 Robert N. Brooks, Joe P. Barnett, Carthage, for appellant.
A.F. Summer, Atty. Gen., by Vera Madel Speakes, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before INZER, SMITH and BROOM, JJ.
BROOM, Justice, for the Court:
Murder conviction and sentence of life imprisonment resulted from trial of the defendant, Charles Lee, in the Circuit Court of Leake County. After careful consideration of his appeal, we affirm.
Set forth in the indictment is the accusation that the defendant (and another) did "willfully, unlawfully, and feloniously, and of their malice aforethought, kill and murder Audie Lee Smith, ..." Evidence against the defendant consisted basically of the corpus delicti and his two inculpatory statements. The deceased Mrs. Smith was alive and unharmed when seen at her residence by witness Alvin Owen about 8:30 p.m. on August 27, 1975. The next day around 9:00 a.m. Owen went to the nearby store which he owned but which Mrs. Smith and her husband operated for Owen. Finding the store locked, Owen went to the Smith residence where Mr. Smith was dead in a lounge chair. Mrs. Smith (Audie Lee) was alive but seriously wounded. She was then hospitalized and later died from cardiac arrest attributable to a gunshot wound *397 which blew away a portion of her scalp. During the night of August 27, 1975, neighbors heard noises (loud talking and gunshots) emanating from the Smith residence. Subsequently, when interrogated, the defendant orally reconstructed the scene which existed at the time Mrs. Smith was shot. He did not testify at the trial.
In the store building which he owned, Owen found (about a week after the shooting) in a desk drawer a sheet in a memo pad upon which had been written "Charlie D. Lee." Owen identified the handwriting as that of Mrs. Smith's husband, and the item was admitted into evidence over defendant's objection.

I.
The defendant argues that the trial judge erred in admitting into evidence the memo pad containing the piece of paper on which was written "Charlie D. Lee." Objection to admission of the item was on three grounds: It was not part of the res gestae, was not relevant, and could serve only the purpose of being prejudicial to the defendant's case. Though the objection at trial was on the three grounds aforementioned, in his brief he argues mainly that the memo pad was not admissible because it "was hearsay evidence." He makes no argument whatever as to the question of whether the memo pad and the writing contained therein was relevant, and thus he has abandoned that aspect of the objection. Further, inasmuch as the objection at trial was not premised upon "hearsay," such argument is waived. Regardless of that feature of the case, we point out that the mere piece of paper containing the name "Charlie D. Lee" does not constitute hearsay for the reason that hearsay is more than just an object with a name on it. To constitute hearsay, extra-judicial words must by some means present a statement, declaration, or assertion introduced for the purpose of proving the truth of the matter contained in or asserted by the item or thing. McCormick, Evidence, 2d Ed. § 246 (1972).
In his brief, the defendant does argue that the admission of the memo pad into evidence was prejudicial to him and he cites Smith v. State, 237 Miss. 498, 115 So.2d 318 (1959). Smith is factually distinguishable from the present case and is not authority supporting the defendant's argument. In Smith the court pointed out that there could be no doubt that the testimony objected to was "extremely prejudicial," but here the same cannot be said. The matter before us is merely a piece of paper containing a name, not the same (though similar) as the defendant's name. Considered together with all the facts of the case, and upon the objection as made, we do not think letting the item go to the jury constituted reversible error. Within his discretion the trial judge might have justifiably sustained an objection on the ground that the piece of paper was too vague, remote, or "not relevant." However, we cannot say he abused his discretion by acting as he did in response to the objection before him when considered upon the entire record of this case.

II.
Next, the defendant argues that the lower court erred in admitting into evidence two confessions or inculpatory statements signed by the defendant, one of which was given after he had been given a polygraph test. He contends that the state failed to meet its burden of proving that the confessions were freely and voluntarily given. There is no merit in this contention of the defendant who consented to the polygraph test. The uncontroverted testimony of the law officers, which the trial judge chose to accept, established that before making the confessions and consenting to the polygraph test the defendant was adequately advised of his rights. That his confessions did not result from improper inducements of coercion but were voluntary on his part was proven beyond a reasonable doubt. Stevens v. State, 228 So.2d 888 (Miss. 1969). The mere fact that a polygraph test was given the defendant does not render his statement or confession involuntary though the results of such tests are inadmissible. State v. Bowden, 342 *398 A.2d 281 (Me. 1975); Johnson v. State, 166 So.2d 798 (Fla.App. 1964). It is true that witness Ready, who administered the polygraph test to the defendant, admitted telling the defendant, "I felt like he needed to straighten this up... ." The record shows that Ready said this to the defendant after concluding that the defendant was holding back "about the matter... ."
In this connection the defendant cites as authority the case of Robinson v. State, 247 Miss. 609, 157 So.2d 49 (1963). Robinson differs from the present case in several aspects. In it the defendant was advised that it would be better for him to tell all about the matter in which he was involved. The defendant in Robinson was told that the officers had "the dead wood" on him and the other members of a gang. There he was also told "that the other members of the so-called gang had told their story, that the thing to do was to square himself not only with them but with the `man upstairs' and that if he didn't he wasn't trying to help himself... ." Upon such a record, this Court held in Robinson that the facts were equivalent to an inducement offered the defendant and therefore his confession was involuntarily given. The testimony does not reveal facts upon which this Court could logically hold that the trial judge erred in finding that the confessions given by the defendant were involuntarily given. Ready's adjuration to the defendant "that he needed to straighten this up" did not render the two confessions inadmissible upon the peculiar facts of this case. Accord, Miller v. State, 243 So.2d 558 (Miss. 1971).

III.
Another argument is that the trial court should have granted the defendant a directed verdict and his requested peremptory instruction. From our study of the record, we conclude that the trial judge correctly stated:
On a motion for directed verdict, all of the evidence, together with all reasonable inferences, are taken as true. The Court is of the opinion that under all evidence and under all the inferences flowing from that evidence, it is a question for the jury to determine the guilt or innocence of this Defendant.
Defendant next argues that the court erred in granting an instruction which reads as follows:
The Court instructs the jury that all persons are principals when guilty of acting together, in the commission of an offense. When an offense is actually committed by one or more persons, but others are present and knowing the unlawful intent, aides (sic), incites, or assists by acts or encourages by words or gestures those actually engaged in the commission of the unlawful act, such persons so aiding, inciting, assisting, or encouraging are principal offenders, and may be prosecuted as such.
Defendant's argument in this regard is premised upon his reasoning that the defendant "should have been indicted and tried for capital murder rather than murder." He relies on Mississippi Code Annotated § 99-17-20 (Supp. 1974). The second sentence thereof reads as follows:
The judge, in cases where the offense cited in the indictment is punishable by death, shall grant no instruction for the state or the defendant which instructs the jury as to their discretion to convict the accused of the commission of an offense not specifically set forth in the indictment returned against the accused... .
The quoted portion of the statute is unavailing because it purports to become operative only where the offense "cited in the indictment is punishable by death" (emphasis added). In the instant case the defendant was not indicted for capital murder. Further argument is made by the defendant that § 99-17-20 takes all discretion away from the "trial jury, and by the same principle would necessarily take all discretion away from the grand jury." This Court dealt with the matter of discretion in Stevenson v. State, 325 So.2d 113 (Miss. 1975), where we held that discretion was *399 permissible with regard to prosecution for a capital offense.
Upon this record, we find no reversible error in the granting of the quoted instruction. From the two confessions given by the defendant, the jury had a right to find that (as an accessory before the fact) he at least aided or assisted or encouraged the shooting of Mrs. Smith whether he pulled the trigger or not. He admitted going in the house with two others who were armed with firearms. In this first statement he stated that Elroy shot Mrs. Smith, and that he (defendant) ran to the car with them but got none of the money. In his other statement, he confessed going into the Smith house but stated that he couldn't remember if anyone accompanied him. In this statement he admitted getting a "money bag off the table ... picking up the gun from the table... . I remember shooting Mr. Smith. & can't remember my shooting Mrs. Smith." By his first statement, the defendant revealed that he had been drinking alcoholic beverages.
Upon the record, it was not error for the prosecutor or the grand jury to apply discretion and indict the defendant for murder rather than capital murder. Within the purview of Mississippi Code Annotated § 97-1-3 (1972), the defendant was at least an accessory before the fact to the murder of Mrs. Smith and, as such, he was subject to indictment and punishment as a principal. The verdict of the jury, "guilty as charged," was adequately supported by the evidence, and the defendant cites no reversible error.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG and WALKER, JJ., concur.
LEE, J., took no part.