355 So.2d 1389 (1978)
Walter McVeay
v.
STATE of Mississippi.
No. 50388.
Supreme Court of Mississippi.
March 15, 1978.
*1390 A. Vincent Blackwell, Pascagoula, for appellant.
A.F. Summer, Atty. Gen., by Henry T. Wingate, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, ROBERTSON and LEE, JJ.
LEE, Justice, for the Court:
Walter McVeay was indicted, convicted and sentenced to ten (10) years by the Circuit Court of Jackson County for the sale of fourteen (14) grams of marijuana. He complains of the following errors in the trial below:
(1) The trial court erred in failing to sustain appellant's motion for judgment n.o.v. (a peremptory instruction of not guilty was requested and refused and we treat this assignment as such).
(2) The trial court erred in admitting hearsay testimony from the State's witness.
The only witness testifying for the State about the sale was Terry R. Warden, an undercover narcotics agent with three (3) months' experience in the Jackson County Sheriff's Office. He testified that on August 27, 1976, he met one Gerald Moore in the Wet Dock Lounge at 1:30 a.m. and asked him whether or not he had any dope. Approximately one hour later, Moore came back to the Wet Dock Lounge accompanied by appellant and handed Warden one bag of marijuana. Warden gave Moore fifteen dollars ($15.00) and Moore handed the money to McVeay with the statement, "Here is your money."
Warden did not testify what kind of container the marijuana was in, no conversation was related between him and Moore, and nothing was indicated as to whether or not McVeay knew that marijuana had been delivered to Warden. The delivery occurred at 2:30 a.m., alongside Warden's car, which was parked in front of the lounge. His testimony does not set forth the lighting conditions at that place, or whether or not appellant could observe the object being delivered to Warden.
Warden had known appellant for six (6) to eight (8) years. He talked with appellant *1391 on the occasion, but the conversation did not relate to the marijuana or any involvement of appellant in the transaction.
The burden of proof never shifts from the State in a criminal case. The State not only must prove all elements of the crime, but it must also prove the accused's connection with same. Talbert v. State, 347 So.2d 352 (Miss. 1977); Boyd v. State, 204 So.2d 165 (Miss. 1967); Pryor v. State, 239 So.2d 911 (Miss. 1970).
An essential element of the offense for which appellant was convicted requires that he have knowledge of the sale and delivery of a controlled substance. Applegate v. State, 301 So.2d 853 (Miss. 1974). In passing upon the request for peremptory instruction, all evidence favorable to the State must be assumed as true, together with all reasonable inferences that may be drawn from that evidence, and, if there is enough in the record to support a verdict, the request for peremptory instruction should be denied. Warn v. State, 349 So.2d 1055 (Miss. 1977).
We are of the opinion that the evidence and reasonable inferences flowing therefrom are not sufficient to support a verdict of guilty and that the lower court committed error in refusing to grant the requested peremptory instruction.
The second assignment of error relates to the admission of hearsay evidence when Warden testified, over objection, that, "I asked Gerald Moore if he had any dope to sell, if he had any marijuana. Gerald said he did not have any with him right then, but Walter McVeay had some over at his apartment." That testimony was incompetent, highly prejudicial, and should have been excluded. Lee v. State, 338 So.2d 395 (Miss. 1976); Ratcliff v. State, 308 So.2d 225 (Miss. 1975); Roberson v. State, 185 So.2d 667 (Miss. 1966).
In view of the result reached hereinabove, it is not necessary to discuss the second assignment further.
REVERSED AND APPELLANT DISCHARGED.
PATTERSON, C.J., SMITH, P.J., and ROBERTSON, SUGG, WALKER, BROOM and BOWLING, JJ., concur.