Defendant was indicted, tried and convicted in the Circuit Court of Newton County for the sale of more than one kilogram of marijuana. Defendant was indicted along with Keith Crenshaw and Kay Crawford but was tried separately.
Defendant's conviction was the result of undercover work by Bill Marshall, agent for the Mississippi Bureau of Narcotics. While working undercover in Meridian, Marshall purchased approximately ten ounces of marijuana from Kay Crawford and Keith Crenshaw. After the purchase he asked them if they knew where additional marijuana could be purchased. They told Marshall they would call a friend to see if he had some marijuana he would be willing to sell. Crawford and Crenshaw made a phone call, returned, and stated to Marshall, "All right, a guy is going to meet you at approximately 3:30 at Big Daddy's Tavern."
Marshall arrived at the tavern at approximately 3:20 that afternoon and about ten minutes later Crawford and Crenshaw arrived. Crenshaw told Marshall that the seller was not willing to meet and talk with him because he did not know Marshall. About ten minutes later defendant and David Hendon arrived in a white over red Oldsmobile. Defendant exited the car and walked directly into the tavern. At the direction of Crenshaw, Marshall entered the backseat of the automobile, and with Crenshaw driving, accompanied by David Hendon, they proceeded into Newton County to or near Chunky. Hendon handed Marshall a sack containing marijuana which was on the front floorboard of the car. Marshall paid $620 for the marijuana, handing some of the money to Crenshaw and some to Hendon. Hendon gave all of the money to Crenshaw who drove the automobile back to the tavern. *Page 989 
Marshall entered the tavern, talked to defendant, and asked him, "If I could get some of the money reimbursed that I had purchased the marijuana, alleged marijuana, from in Chunky, Mississippi, and at that time, he advised me . . ." Marshall said defendant told him, "He could not let me have any money back." Next Marshall walked out of the tavern and observed defendant go to his vehicle, open the door and sit down in the driver's seat. Crenshaw approached the defendant, defendant held out his hand, and Crenshaw gave him some money. Hendon remained in the vehicle at all times. After Crenshaw handed the money to defendant, defendant and Hendon drove away.
The only witness called by the defendant was Kay Crawford, his co-indictee. This witness denied selling marijuana to Marshall and stated that she met defendant at the tavern on the day in question. She saw Marshall and Crenshaw leave the tavern and return in about ten or fifteen minutes but did not see any marijuana and did not see Crenshaw hand any money to the defendant.
Defendant assigns the following as error:
 The trial Court committed error by permitting into evidence testimony of a state's witness as to conversations between such witness and two co-indictees, not tried with the appellant, over the strenuous objection of the appellant. These conversations were outside of the presence of the appellant.
 The Court committed error in not sustaining appellant's Motion For a Directed Verdict and for overruling appellant's Motion For a New Trial.
Under the first assignment of error defendant argues that the conversation between Marshall and Crenshaw was outside the presence of the appellant and therefore inadmissible.
This objection is very similar to an objection made by the defendant in Hampton v. State, 99 Miss. 176, 54 So. 722 (1911) where the state's witness, Hunter, testified that defendant told him he was expecting McGuirck, an agent of the Express Company, to examine the office in which the defendant and Hunter worked. Hunter testified that the defendant gave him a note in an envelope and instructed him that if he, the defendant, telephoned him that McGuirck had arrived on a train, to deliver the note to a bank, take what the bank gave him, and put it in the safe. When the train arrived, Hunter received a message, not from thedefendant but from the depot agent, Granberry, that McGuirck had arrived. Pursuant to the telephone conversation with the depot agent, Hunter delivered the envelope to the bank, obtained from it a package which had marked on the back, "four hundred and ninety dollars," which he put in the safe. Defendant objected to the testimony on the ground that the information given Hunter by the depot agent was hearsay and therefore inadmissible. In disposing of the objection, the Court stated:
 It was competent to show the information on which Hunter acted, and not for the purpose of establishing a material fact. It was immaterial how Hunter got the information. The material fact proven was that McGuirck did come, which resulted in the four hundred and ninety dollars being placed in the pony safe in accordance with appellant's instructions. (99 Miss. at 184, 54 So. at 724).
In the case before the Court, Marshall was attempting to purchase marijuana in a deal to be set up by Crenshaw. Crenshaw told Marshall that he had a friend who would be willing to sell marijuana and that "The guy is going to meet you at approximately 3:30 at Big Daddy's Tavern." When Marshall arrived at the tavern, Crenshaw told Marshall the seller was not willing to meet with him because he did not know Marshall. The defendant was not named in any of the conversations and, of course, Marshall had no idea of the identity of the person who would furnish marijuana for sale.
The testimony was offered solely for the purpose of showing the information upon which Marshall acted in going to the tavern to meet with an unknown person for the *Page 990 
purpose of purchasing marijuana. It was immaterial how Marshall got the information. The material facts proven were that Marshall went to the appointed place, the defendant arrived, Marshall purchased marijuana, and tried to get defendant to reduce the price.
In Lee v. State, 338 So.2d 395 (Miss. 1976), we stated:
 To constitute hearsay, extra-judicial words must by some means present a statement, declaration, or assertion introduced for the purpose of proving the truth of the matter contained in or asserted by the item or thing. McCormick, Evidence, 2d Ed. § 246 (1972). (338 So.2d at 397).
In this case the out-of-court declaration by Crenshaw was not introduced for the purpose of proving the truth of the assertion by Crenshaw, but to show why Marshall was at the tavern on the day in question.
The truth of the statement by Crenshaw to Marshall was not in issue. Marshall acted on the information and was able to purchase marijuana as the result of the meeting arranged by Crenshaw. An officer engaged in undercover work is entitled to show the reason for being at a particular place at a particular time to explain the reason for his presence at a particular place at a specified time. We hold the conversation between Marshall and Crenshaw was competent to show the information on which Marshall acted.
A witness may not repeat an out-of-court statement which names a defendant as the person from whom contraband may be purchased. We have a long line of cases on this question, the most recent being McVeay v. State, 355 So.2d 1389 (Miss. 1978). In that case the undercover agent testified, over objection: "I asked Gerald Moore if he had any dope to sell, if he had any marijuana. Gerald said he did not have any with him right then, but Walter McVeay had some over at his apartment." The statement was incompetent because it directly implicated McVeay in the sale of marijuana. In our case, the out-of-court statement did not name defendant as one who possessed marijuana for sale so the rule inMcVeay has no application.
In the second assignment of error, defendant argues the evidence was not sufficient to support the verdict of the jury and he was entitled to a peremptory instruction.
Defendant's involvement in the sale was shown by proof that he drove an automobile to the tavern, Marshall purchased marijuana while in the automobile which was on the front floorboard of the automobile, defendant's companion delivered the marijuana, defendant accepted money from Crenshaw, who had been paid for the marijuana, and defendant would not refund any part of the purchase price when requested. Although defendant did not personally deliver the marijuana to Marshall, the proof shows his participation as an accessory before the fact. Accessories before the fact "shall be deemed and considered a principal, and shall be indicted and punished as such." Section 97-1-3 Mississippi Code Annotated (1972). We are of the opinion the evidence was sufficient to support the verdict of the jury. The trial judge properly denied the peremptory instruction requested by defendant.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.