472 So.2d 425 (1985)
Mary THOMAS and Harold Anderson
v.
STATE of Mississippi.
No. 55550.
Supreme Court of Mississippi.
June 12, 1985.
*426 Everett T. Sanders, Sanders, Blackmon & Dunmore, Natchez, Firnist J. Alexander, Jr., Jackson, for appellants.
Edwin Lloyd Pittman, Atty. Gen. by Catherine Walker Underwood, Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, D.J., and DAN M. LEE and ANDERSON, JJ.
DAN M. LEE, Justice, for the Court:
This appeal concerns the denial by the Circuit Court of Adams County of a motion filed by Harold Anderson and Mary Thomas to withdraw their previous pleas of guilty and substitute pleas of not guilty. The appellants were jointly indicted during the November, 1982 term of the Adams County Grand Jury for sale of a controlled substance. On December 9, 1982, Mary Thomas pled not guilty to the indictment. On December 17, 1982, Harold Anderson pled not guilty to the indictment. On March 23, 1983, both appellants withdrew their not guilty pleas. On that date Harold Anderson pled guilty to one count sale of a Schedule II controlled substance and Mary Thomas entered a plea of guilty to one count of possession of a Schedule II controlled substance. In both cases sentencing was deferred until the July, 1983 term.
Before accepting the appellants' guilty pleas, the circuit court judge extensively questioned each of them. He explained to both defendants that they had a right to a trial by jury and that if they lost at the trial an appeal could be obtained with counsel to assist them. It was further explained that a guilty plea waives both of these rights. The record indicates that both Harold Anderson and Mary Thomas denied that anyone had threatened or coerced them to plead guilty. Both testified that they pled guilty freely and voluntarily. Mary Thomas testified that she had four years of college education and Harold Anderson stated that he had two years of college education.
Both Thomas and Anderson went on to state that their attorney had explained the *427 sentence they might receive under the law and nature of the consequences of a guilty plea. Both stated that they were satisfied with their attorney's representation. Mary Thomas testified that she was taking Elavil and Ativan for her nerves but that she fully understood that she was entering a plea to a felony.
Both Thomas and Anderson had been represented by the same counsel at the time they entered their guilty plea; however, prior to sentencing they retained separate counsel and filed a motion to withdraw their guilty pleas. The appellants were granted a hearing on their motion for withdrawal of their guilty pleas and at that hearing both complained that they were not made aware at the time they entered guilty pleas that they were entitled to separate attorneys. The attorney representing the appellants at the time of the entry of their guilty pleas was called as a witness and testified as follows:
Q. Did they ask why it was that they both had to enter pleas if one was going to?
A. What I recall is that there was never an inquiry as to why one couldn't enter a plea and the other one not. Mary and Harry had both informed me from the first time we ever sat down together that everything they did they did together and that they wanted to see this out together; and anything they wanted to do, they wanted to agree on together. See, what you've got to understand here is that when Mary first came to see me, Harry was in jail; and the situation that Mary described to me was one that she and Harry were sharing her residence together, were basically living there as husband and wife without the benefit of marriage, of course. But that she was very much in love with Harry and Harry with her. As such, I treated it as basically almost a husband and wife team. She hired me and paid her money, as far as I knew, to represent Harry first on a charge; and later when she was charged, she hired me also to represent her. Harry, while he was working, every penny he made, he would bring into the house and give it to Mary to use for their joint benefit. So, the joint charges just went right along with the whole case as I had it; they were basically a team.
Q. Now, I take it there was no discussion between you and either of them as to their right to seek separate counsel?
A. That was never discussed; it was never asked on their behalf.
Q. And it was not mentioned by you?
A. No, Sir.
During the hearing to withdraw the guilty pleas, Mrs. Thomas suffered a "seizure" and had to be removed to the hospital by an ambulance. The trial court granted the state's ore tenus motion to have Mrs. Thomas psychiatrically examined.
Harold Anderson testified that he woke up the morning he entered his guilty plea and drank a half pint of Canadian Club whiskey. Anderson stated that the way he understood the plea bargain was that he would not have to serve any time in jail and that was his reason for pleading guilty. He stated he had spoken to his attorney approximately a dozen times about the case prior to entering the plea. He denied that consequences of a guilty plea were ever explained to him.
Following the completion of a psychiatric examination of Mrs. Thomas, the hearing was concluded. Mrs. Thomas' psychiatric evaluation determined that she did not suffer from a true seizure syndrome and that she was able to assist her counsel in legal proceedings. The evaluation concluded that "The likelihood of another episode will depend upon the favorable or unfavorable nature of the courtroom proceedings."
Circuit Court Uniform Rule of Criminal Procedure 3.03(4) states that it is within the discretion of the trial court to permit or deny a motion for the withdrawal of a guilty plea. See also, Robinson v. State, 247 Miss. 609, 157 So.2d 49 (1963). In the recent case of Sanders v. State, 440 So.2d 278 (Miss. 1983), we held that a defendant seeking to withdraw an involuntary guilty plea bears the burden of proving by clear and convincing evidence that *428 his guilty plea was entered involuntarily. After examination of the record we cannot conclude that the trial court abused its discretion in denying the motion for withdrawal of the guilty plea of either Thomas or Anderson. In a case of this nature it is the trial court's responsibility to serve as finder of fact and as we have stated, there being no abuse of discretion in his finding that the pleas were knowingly and voluntarily entered, we find no merit to the appellants' argument.
The appellants finally argue that their guilty plea should be set aside because of a conflict of interest which they claim existed because at the time they entered their guilty pleas they were both represented by the same attorney. In Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), the United States Supreme Court held that the mere possibility of a conflict of interest is insufficient to impune a criminal conviction. There must be actual conflict. In this case the evidence does not nearly rise to the level of establishing actual conflict. All plea bargains offered by the state required both appellants to plead guilty. Furthermore, according to the appellants' attorney at the time they entered their guilty pleas, they had insisted on entering the same pleas because they wanted to stick together. We conclude that there was no actual conflict of interest nor prejudice to the appellants' rights.
As to the appellants' mental competency, the record amply supports the trial court's findings that both Anderson and Thomas were possessed with the requisite degree of mental competency so as to understand the nature of their pleas and the consequences that would flow therefrom. There is no merit to this argument.
Based on all of the foregoing, we hereby affirm the decision of the Circuit Court of Adams County in denying Harold Anderson and Mary Thomas the opportunity to withdraw their pleas of guilty.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.