482 So.2d 1102 (1985)
Albert CLEMONS and Norman Steele
v.
STATE of Mississippi.
No. 56217.
Supreme Court of Mississippi.
December 18, 1985.
*1103 Terry L. Jordan, Philadelphia, Ross R. Barnett, Jr., Jackson, for appellants.
Edwin Lloyd Pittman, Atty. Gen. by Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and PRATHER and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
Today we are presented consolidated appeals by two young men arising from November 30, 1983, sale of cocaine to an undercover narcotics agent. Each Defendant has already been separately convicted and sentenced to substantial prison terms and fines for a similar cocaine sale a day earlier, November 29, 1983, and for conspiracy to sell cocaine.
With respect to one of these Defendants, the evidence indicates without contradiction that he participated in the November 30 sale. The other, however, was nowhere to be found on November 30 and the conviction below is necessarily grounded in speculation, guesswork and surmise  if he was a part of the November 29 sale, he must have been a part of the November 30 sale. We affirm in the former instance. Emphasizing that nothing short of proof beyond a reasonable doubt may undergird a conviction of any crime, we reverse in the latter.

II.

A.
Shirlene Anderson, an investigator employed by the Mississippi Bureau of Narcotics, had been working undercover in the Starkville area purchasing drugs. On or about October 26, 1983, she met Chris Hoskin and Robert Griffin, two of the original co-indictees in this cause. During the course of this acquaintance, Anderson made arrangements with Hoskin and Griffin to purchase some drugs in November. On the 29th of said month, Anderson, one Reginald Gage (another undercover agent whom Anderson had introduced as her brother), Hoskin and Griffin traveled to Philadelphia, Mississippi, to make the purchase. When they arrived at Philadelphia, Hoskin and Griffin led Anderson and Gage to the Hillcrest Apartment Complex where they met with Albert Clemons and Norman Steele. This meeting took place in Apartment 24, the residence of Norman Steele and Gloria Griffin, a/k/a Bridget Griffin and on that occasion Anderson make a cocaine purchase from Clemons and Steele.[1] The cocaine was in a clear plastic bag on the dresser located in the bedroom. Steele had supplied this packaging.
On this same date, November 29, Anderson had a conversation with Albert Clemons in the bedroom of said apartment about the possibility of a future cocaine purchase. Norman Steele was present during this conversation. Anderson inquired about buying the cocaine the next day. Clemons quoted some prices to Anderson and told her to get in touch with him if she was interested.
Anderson returned the next day, November 30, 1983, and present in the apartment when she arrived were Gloria a/k/a Bridget Griffin, Hoskins and Robert Griffin. Clemons later joined them. Steele was nowhere to be found. Agent Gage was sitting in a car outside as he had done the previous day.
*1104 Anderson, Clemons and Hoskin again went into the bedroom. Anderson told them she was ready to buy the six ounces of cocaine. Clemons removed a clear plastic bag containing the cocaine from a Bell Telephone envelope, gave it to Anderson to inspect and proceeded to weigh it. Clemons told Anderson it was three grams more than she wanted and then proceeded to remove the three grams. After Anderson returned to the living room area, an unknown black female entered the apartment and informed them that there were cops in the area of the apartment complex. Anderson eventually left the apartment on the pretext of going to get the money from the car.
Before she could get to the car, Hoskin came out of the apartment and told her to wait. He said that he had received information that there were law enforcement personnel in the area and, therefore, they should change locations to complete the transaction.
Clemons got into a black pickup truck and asked them to follow him. They drove for a while along a road in Philadelphia until they stopped and proceeded to effect the sale. Clemons gave the package containing the cocaine to Reginald Gage. As Anderson was about to give Clemons the money, Gage arrested him. The other alleged accomplices, including Norman Steele, were arrested at the apartment. At no time on November 30 prior to the arrest was Defendant Steele present in the apartment, but the apartment was his.

B.
The State of Mississippi has mounted three separate prosecutions of Albert Clemons and Norman Steele.
First, Steele and Clemons were indicted and prosecuted in the Circuit Court of Oktibbeha County for conspiracy to distribute cocaine on November 30, 1983, in violation of Miss. Code Ann. § 41-29-139(b)(1) (Supp. 1985). Steele has been convicted of this offense upon a plea of guilty.
Second, Steele and Clemons were indicted and prosecuted in the Circuit Court of Neshoba County for sale of cocaine on November 29, 1983. Each has been found guilty by a circuit court jury. Clemons has been sentenced to 30 years imprisonment and to pay a fine of $25,000. Steele has been sentenced to 25 years imprisonment and to pay a fine of $20,000. Each of these convictions and sentences was affirmed by this Court on October 9, 1985. Clemons v. State, 477 So.2d 943 (Miss. 1985). Petitions for rehearing were denied November 6, 1985.
Third, the instant prosecution was formally commenced on February 7, 1984, when the Neshoba County Grand Jury returned an indictment charging Clemons, Steele and three others with the November 30, 1983, sale of cocaine to Shirlene Anderson for the alleged sum of $11,100.00. The case proceeded to trial on October 23, 1984, at the conclusion of which the jury found both Clemons and Steele guilty of sale of cocaine. Clemons was thereupon sentenced to ten years imprisonment, while Steele received an eight year sentence. These consolidated appeals have followed.

III.
The first assignment of error concerns Norman Steele only. Appellant Steele challenges the sufficiency of the evidence to support his conviction of the November 30 sale of cocaine. In so doing, he appeals the trial judge's denial of his motion for a directed verdict made at the conclusion of the State's case, his request for a peremptory instruction and his post-trial motion for judgment of acquittal notwithstanding the verdict.
Steele was not present at the time of the November 30 sale. There is no evidence that he took any direct part in that sale. The State, however, argues that Steele was an accessory before the fact and as such is guilty as a principal. Miss. Code Ann. § 97-1-3 (1972).
It is settled law that substantial knowing participation in the consummation of a sale or in arranging for the illegal sale of unlawful controlled substances may render *1105 one guilty of such sale and that one who aids and abets another in such a context is guilty as a principal. Minor v. State, 482 So.2d 1107, 1112 (Miss. 1986); Williams v. State, 463 So.2d 1064, 1066 (Miss. 1985); Sanders v. State, 439 So.2d 1271, 1275 (Miss. 1983); McGowan v. State, 375 So.2d 987, 990 (Miss. 1979); Washington v. State, 341 So.2d 663, 664 (Miss. 1977); Landers v. State, 304 So.2d 641, 642 (Miss. 1974).
In the present procedural context, the standards with respect to which we review the jury's verdict that Steele was guilty as a principal are familiar. Where one such as Steele has moved for judgment of acquittal notwithstanding the verdict, the trial court must consider all of the evidence  not just the evidence which supports the State's case  in the light most favorable to the State. Williams v. State, 463 So.2d 1064, 1067 (Miss. 1985); May v. State, 460 So.2d 778, 781 (Miss. 1984). The credible evidence which is consistent with the verdict must be accepted as true. Spikes v. State, 302 So.2d 250, 251 (Miss. 1974).
The State must be given the benefit of all reasonable inferences that may be drawn from the evidence and which are consistent with the verdict. Williams v. State, 463 So.2d 1064, 1067 (Miss. 1985). If the facts and inferences so considered point in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that he was guilty, granting the motion is required. Williams v. State, 463 So.2d at 1067; May v. State, 460 So.2d at 781. On the other hand, if there is substantial evidence opposed to the motion, that is, evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied and the jury's verdict allowed to stand. Pharr v. State, 465 So.2d 294, 301 (Miss. 1984); May v. State, 460 So.2d at 781.
When we apply these standards to the evidence against Norman Steele, the case for the State seems dubious at best. Without question, Steele was not present when the November 30 sale was made. His sole "direct" connection with the sale was that it was begun in his apartment  though the sale was completed at a remote location because Clemons and another had become apprehensive. That Steele has supplied similar packaging in connection with the November 29 sale generates at best a weak inference.
The State's case in the end stands or falls with the evidence that its agent, Shirlene Anderson, advised Clemons on November 29 that she wanted to buy additional quantities of cocaine and would return at a later date  and that this was in the presence of Steele. Anderson's precise testimony follows:
BY MR. PEARCE [prosecuting attorney]:
Q. And, what was your conversation with Albert Clemons in the presence of Norman Steele with regards to that white powdery substance?
A. I advised [asked(?)] him that if I could come back at a later date to make arrangements to purchase the white powdery substance.
Q. Now, did Norman Steele make any statement when you and Albert Clemons had this conversation in his presence?
A. No. He didn't make any statements. No, he did not.
The concept of an accessory before the fact involves some participation in the criminal act. West v. State, 233 Miss. 730, 103 So.2d 437, 439 (1958). We have repeatedly affirmed convictions of persons as accessories where the evidence reflected some conduct on the part of the accused which facilitated the consummation of the principal crime. McGowan v. State, 375 So.2d 987, 990 (Miss. 1979); Pilcher v. State, 296 So.2d 682 (Miss. 1974); Kennard v. State, 242 Miss. 691, 128 So.2d 572 (1961). The fact that the alleged accessory is not present when the crime is committed in and of itself avails him nothing. Kennard v. State, 242 Miss. 691, 128 So.2d 572, *1106 574 (1961); Watson v. State, 166 Miss. 194, 146 So. 122, 127 (1933). On the other hand, mere presence at the time another suggests the possibility of future criminal conduct without more does not render one guilty as an accessory before the fact. This is what  and all  that has been shown by Shirlene Anderson's testimony quoted above.
The State in reality is trying to bootstrap this conviction onto Steele's already affirmed conviction for the November 29, 1983, sale of cocaine. It is without doubt consistent with our law that the State may prosecute as two separate and independent felonies the November 29 sale and the November 30 sale. There is a corollary, however, the State would have us ease by. Where the State elects to set up two or more felony sales of illegal controlled substances, and seeks two or more separate indictments and actually puts the accused to trial on two or more separate charges, each charge must stand or fall on its own separate and distinct merits. On a second prosecution the State will be given the benefit of absolutely no inference from overwhelming evidence supporting a conviction on a first charge. This is so even though the sales are only a day apart and the accused's modus operandi is said to have been similar. See Tobias v. State, 472 So.2d 398 (Miss. 1985). The State simply may not obtain convictions on separate, independent multiple charges without offering separate and independent proof to sustain each charge.
Under the standards enumerated above, viewing the evidence in the light most favorable to the State, we regard that the facts and inferences point in favor of Steele with sufficient force that reasonable men could not have found beyond a reasonable doubt that he was guilty. The best that can be said of this case against Norman Steele is that he was aware of the possibility that a future sale would be made by Clemons to Anderson. This is not enough to render him criminally accountable as a principal under Miss. Code Ann. § 97-1-3. The judgment of conviction of Norman Steele is reversed and rendered.
Albert Clemons, on the other hand, does not fare nearly so well. There is unequivocal evidence in the record that on November 30, 1983, he sold cocaine to narcotics agent Shirlene Anderson. That he has already been convicted of a similar sale to Shirlene Anderson on November 29, 1983, avails him nothing. The motions for directed verdict, for a peremptory instruction and for a judgment of acquittal notwithstanding the verdict as to Albert Clemons were correctly overruled and denied.

IV.
Clemons complains separately that his conviction may not stand because his dealings with Agent Anderson were all one transaction or occurrence. Because he has already been convicted of the sale of cocaine on November 29, 1983, and for conspiracy to distribute a controlled substance related to the same events, Clemons claims that the separate prosecution to which he has been subjected for the November 30, 1983 sale violates his rights under the double jeopardy clauses of the Federal and State Constitutions.
We have repeatedly recognized that separate acts, though committed close in point of time to one another, may constitute separate criminal offenses. See, e.g., Lee v. State, 469 So.2d 1225 (Miss. 1985) and Lee v. State, 468 So.2d 80 (Miss. 1985) (assaults on two separate law enforcement officers); Wilcher v. State, 455 So.2d 727, 729 (Miss. 1984) and Wilcher v. State, 448 So.2d 927, 929 (Miss. 1984) (two killings on the same occasion constitute two offenses of capital murder); Ball v. State, 437 So.2d 423, 424 (Miss. 1983) (assaults on three different law enforcement officers in a single series of events held to constitute three separate offenses); Pharr v. State, 465 So.2d 294, 299-301 (Miss. 1984) (three temporally related instances of headlighting deer held to constitute three separate offenses). This same rule has been applied in the case of multiple narcotics offenses. See Dixon v. State, 465 So.2d 1092, 1096 (Miss. 1985) (possession of five different illegal controlled substances); Maycock v. Reed, 328 *1107 So.2d 349, 352 (Miss. 1976) (sale of two bags of marijuana to two different persons and two batches of LSD to the same two people held to constitute four offenses and support four convictions and sentences). The practice of predicating separate indictments and convictions on separate though temporally related narcotics purchases by the same undercover agent from the same defendant has been implicitly sanctioned by this Court in Barnette v. State, 478 So.2d 800, 802 (Miss. 1985) and Quinn v. State, 479 So.2d 706 (Miss. 1985).
Under the aforementioned authorities, we hold that prosecution and conviction of Albert Clemons for the sale of cocaine on November 30, 1983, in no way contravenes or infringes upon rights vested in Clemons by virtue of the double jeopardy clauses of the Federal or State Constitutions. Accordingly, the assignment of error is denied.
CONVICTION OF ALBERT CLEMONS OF SALE OF COCAINE AND SENTENCE OF TEN (10) YEARS IMPRISONMENT AFFIRMED; CONVICTION OF NORMAN STEELE OF SALE OF COCAINE REVERSED AND RENDERED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] For this sale Clemons has been finally convicted and sentenced to 30 years and a $25,000 fine, while Steele has been finally convicted and sentenced to 25 years and a $20,000 fine. Clemons v. State, 477 So.2d 943 (Miss. 1985).