The appellant was convicted in the Circuit Court of Scott County of burglary of a dwelling and sentenced to ten (10) years. He appeals, and we affirm.
Several questions are presented; however, only one is worthy of consideration, i.e., whether the defendant's confession was freely and voluntarily given. His guilt is established at least beyond a reasonable doubt.
Our question is whether or not the confession was admissible under the rule announced in Miller v. State, 243 So.2d 558
(Miss. 1971), and Hicks v. State, 355 So.2d 679 (Miss. 1978).
There is testimony that one officer, Edwards, a member of the Mississippi Highway Patrol, may have stepped over the line by indicating to the defendant that it would be "easier on him if he told the truth". We have no question concerning the mental capacity of the appellant to make a confession. The record indicates to the contrary, inasmuch as he very artfully articulated every act of the police officer that would result in an inadmissible confession. All of these acts are denied and the denials are supported by an overall view of the record.
We are required to look at the totality of the circumstances, as stated by Judge Robertson in Neal v. State, 451 So.2d 743
(Miss. 1984):
 We emphasize that the mere giving of the Miranda
warnings, no matter how meticulous, no matter how often repeated, does not render admissible any inculpatory statement thereafter given by the accused. The rights of which the accused is Miranda-warned must thereafter be waived — intelligently, knowingly and voluntarily. Whether there has been an intelligent, knowing and voluntary waiver is essentially a factual inquiry to be determined by the trial judge from the totality of the circumstances. Edwards v. Arizona, 451 U.S. 477, 486 n. 9, 101 S.Ct. 1880, 1885 n. 9, 68 L.Ed.2d 378, 387 (1981).
451 So.2d at 753.
We now examine the evidence. The appellant was arrested in Rankin County and there jailed and was given the requisite warnings of Miranda [Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)]. The waiver of rights was not signed. The appellant contends that he requested an attorney. Both officers Edwards and Thornton stated he did not request an attorney, at no time indicating *Page 1303 
that he desired an attorney. The questioning commenced; however the defendant did not make any statement. Two days later, he was again advised of his Miranda rights and began to make statements concerning burglaries in Rankin County, the reason for his arrest. Also during this interview he made a statement concerning another burglary to the east, which the officers recognized as being the burglary in question. Apparently the happening had been communicated in law enforcement circles. Questioning on this matter ceased, and the sheriff of Scott County was called.
The next day, Scott County officers carried the appellant from Brandon to Forest, and a full confession was given. There is no issue concerning the conduct of the officers in Scott County. The issue is whether or not the confession is admissible because of the prior conduct of the Rankin County officers.
The defendant contends that Officer Thornton made a statement to him that it would go lighter or be easier on him if he confessed to all of the crimes. Officer Thornton denied this. His testimony is to the effect that he never indicated to the defendant at any time that it would go easier on him but simply stated at one point that it would be better if the defendant got all of "his eggs in one basket" when the appellant began to confess to several crimes. We consider this a mere exhortation or adjuration to speak the truth. Robertson v. State, 247 Miss. 609, 157 So.2d 49 (1963).
The problem lies with a statement of Officer Edwards. On direct examination, Edwards was more than once asked the question "Did you tell him it would be better for him", speaking of confessing, and his answer at one point was "No, sir. I just told him that he should go ahead and tell the truth." Nevertheless, in the cross-examination the following appears:
 Q. All right. I believe you indicated on direct examination that at one point you told Mr. Moore on September 10, 1984, that it would go easier on him if he told — if he would go ahead and tell the truth.
 A. I believe those are my exact words.
Amazingly these were not his words. At one time or the other, he misunderstood the question. Officer Thornton, the other officer present, emphatically denied on both direct and cross-examination that any such statements were made by either he or Edwards or anybody else in his presence.
The judge held the confession to be admissible. With the conflict in the evidence from both sides concerning this alleged promise of leniency, we do not believe that the judge's finding should be disturbed.
As to the failure of the Rankin County officers to obtain a written waiver of the rights, we do not understand that Miranda
so requires, and we previously addressed the question in Davisv. State, 320 So.2d 789 (Miss. 1975). In an opinion by Judge Walker, we find the following:
 The appellant cites no authority, nor are we aware of any which requires that a waiver of an accused's constitutional privileges against self-incrimination, right to counsel, etc. must be in writing and signed by the accused before inculpatory statements made by him and otherwise freely and voluntarily given are admissible in evidence. Such a statement is admissible provided the accused has been afforded the protection of the Miranda warning and he thereafter knowingly and intelligently waives his rights and freely and voluntarily makes the statement.
320 So.2d at 790.
The true meaning of the statement of Officer Edwards was for the judge to determine, especially in light of the conflict in the testimony of both sides.
In Ratliff v. State, 317 So.2d 403 (Miss. 1975), this Court pointed out that the question of whether a statement was freely and voluntarily given is a question for the court to determine and not a question for the jury. So long as the trial court applies correctly the legal standards, this Court will not overturn a finding of fact made by *Page 1304 
the trial judge unless it is clearly erroneous. Neal, supra, at page 756. Such is the case here. The evidence presented was clearly sufficient to support the finding of the trial judge. The legal determination reached by the trial judge concerning the admissibility and voluntariness of appellant's prior confession is sufficiently supported by the weight of the evidence. Therefore, it was not error to admit the second confession as voluntary. Cabello v. State, 490 So.2d 852 (Miss. 1986); Frostv. State, 483 So.2d 1345 (Miss. 1986); Garvin v. State,473 So.2d 952 (Miss. 1985).
Taking an overall view of the entire case, we believe the defendant was afforded a fair trial, well represented by competent counsel. Counsel was court-appointed, and his earnestness in the preparation and presentation of this case is to be commended.
Finding no error, the case is affirmed.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.