SOUTHWICK, P.J.,
for the Court.
¶ 1. Wayne Jordan was convicted of gratification of lust by a Newton County Circuit Court jury. On appeal, he argues that a statement he gave to two police officers should not have been admitted and that the guilty verdict was against the overwhelming weight of the evidence. We disagree.
¶2. During the night of September 11, 2001, a child was asleep in her bed when she was awakened by Jordan. The child reports that she woke up because Jordan was rubbing and squeezing her vagina with his hand. She moved around in the bed in order to awaken her sister who shared the bed with her. When the second child awoke and saw Jordan with his hand between her sister’s legs, Jordan ran from the room. Both sisters report that Jordan returned to the room and grabbed the first child by her foot and attempted to drag her from the bed. She kicked and struggled against him. Again, Jordan ran from the room. At this point the two girls awakened another sister and had her get *1066 in the bed with them. The three girls report that Jordan returned to the room and apologized to the first child for what he had done and told her not to mention his actions to anyone.
¶ 3. The next day, one of the girls reported these encounters to the school counselor. An investigation by the Department of Human Services led to Jordan’s arrest.
¶ 4. Jordan denied that he touched the girl’s vagina. He asserted that he entered the room only to check on the girl’s fingers which had been injured earlier. He said that he touched her on two occasions that night, once when he tripped on the rug with his hand landing on her thigh and again when he entered the room and grabbed her feet to calm her down.
¶ 5. The jury found Jordan guilty of gratification of lust. Jordan appeals.
DISCUSSION

1. Oral statement

¶ 6. Jordan was in custody at the Newton Police Department. A detective advised Jordan of his constitutional rights in the presence of another officer. Jordan acknowledged that he understood the explanation and signed a waiver of rights form. Jordan then gave the officers an oral statement. At trial both officers testified as to the substance of the oral statement, with some slight variations. Neither officer recorded nor made any written notations about the statement.
¶ 7. In his statement, Jordan indicated that he had entered the girls’ room that night to tell them something, tripped against the bed and his hand landed on the child’s thigh. Jordan claims this was inadmissible since no record of the statement had been made by the officers.
¶ 8. A statement by an accused is admissible when he was made aware of his relevant constitutional rights and then subsequently knowingly and intelligently waived those rights prior to making the statement. Moore v. State, 493 So.2d 1301, 1303 (Miss.1986).
¶ 9. The State offered evidence that Jordan made the statement voluntarily with knowledge of his rights. The officers further stated that there were no promises of leniency, threats, or coercive measures to elicit the statement. Jordan does not dispute this. Instead, he seeks a new eviden-tiary rule: out of basic fairness and the ease of doing so, no statement taken from an accused during custodial interrogation is admissible unless it is recorded or written out by the officials who procured it. He acknowledges that this is not now the law.
¶ 10. The present requirement for admissibility is that a statement be given voluntarily without promises, threats, or inducements. Richardson v. State, 722 So.2d 481, 487 (Miss.1998). There are no requirements regarding the form in which the statement must be memorialized. The present rule is sufficiently protective of the interests of fairness and we decline to suggest its alteration.

2. Verdict

¶ 11. Jordan alleges that the evidence was insufficient to permit a guilty verdict. In the precedent on which he most strongly relies, the evidence showed that the defendant playfully pinched a three-year-old child on her bottom and gave her a kiss on the cheek. Bradford v. State, 736 So.2d 464, 467 (Miss.Ct.App.1999). The court found that this evidence was insufficient to show that the defendant’s actions were for the purpose of gratification of lust.
*1067 ¶ 12. That is hardly our situation. In Bradford the adult and children were in a crowded car and were involved in a game. Several children of varying ages were around when the game was being played. The children were at least awake or able to observe what was happening. In contrast, the evidence supported that Jordan surreptitiously entered the bedroom where the children were sleeping, and touched the body of one of the girls. When he was observed, he ran from the room. He later returned and grabbed the legs of the child, tried to pull her from the bed, then again ran from the room after being observed by others. On his last trip into the bedroom, Jordan apologized and requested that the child tell no one about the activities and promised he would not do it again.
¶ 13. The jury is charged with deciding credibility after evaluating conflicting testimony. Wetz v. State, 503 So.2d 803, 807 (Miss.1987). The jury was able to hear the testimonies of the girls and Jordan. The jury observed their demeanor and presentation of the facts. We find no error in the conclusion reached by the jury.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY OF CONVICTION OF GRATIFICATION OF LUST AND SENTENCE OF THIRTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NEWTON COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.