814 So.2d 184 (2002)
James WINTERS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01183-COA.
Court of Appeals of Mississippi.
April 16, 2002.
*186 Robert E. Buck, Greenville, for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, for appellee.
Before McMILLIN, C.J., LEE, and BRANTLEY, JJ.
BRANTLEY, J., for the Court.
¶ 1. James Winters was convicted in the Washington County Circuit Court on two counts of sexual battery upon a fourteen year old male and sentenced to twenty years on each count to be served consecutively. Winters filed a timely appeal arguing that the verdict was contrary to the weight and sufficiency of the evidence, that the court erred in allowing an amendment to the indictment, and that the two-count indictment was multiplicatus and subjected him to double jeopardy. Finding no error, We affirm.

FACTS
¶ 2. On November 6, 1994, Winters, age twenty-five, met J.W.[1], a fourteen year old male, in J.W.'s neighborhood. After some time, J.W. went home. Later that day, Winters returned to J.W.'s home and asked him to come outside. They walked out of the neighborhood to an abandoned house where Winters performed anal and oral sex upon J.W. That evening J.W. told his grandfather that he had been molested by Winters. Winters was indicted on two counts of sexual battery, one for the act of oral sex and the other for the act of anal sex.
¶ 3. The jury heard conflicting accounts concerning the purpose of J.W. and Winters's journey to the abandoned house and as to the consent of J.W. to Winters's sexual advances. Winters was tried and convicted on both counts. Winters filed the usual post-trial motions and they were denied.

DISCUSSION

I. WHETHER THE CONVICTION WAS CONTRARY TO THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
¶ 4. Winters seeks to challenge the legal sufficiency as well as the weight and credibility of the evidence presented to support his conviction. Winters argues that the State failed to prove the second element of *187 the crime of sexual battery, lack of consent. Miss.Code Ann. § 97-3-97 (Rev. 2000). Winters's argument is based on his assertion that the uncorroborated testimony of J.W. was not sufficient or substantial enough to prove the lack of consent element. Winters also claims that J.W. agreed to and acquiesced in the acts because he offered no resistance.
¶ 5. When reviewing a challenge to the legal sufficiency of evidence, this Court will not reverse a jury verdict unless when reviewing the evidence in a light most favorable to the verdict, no reasonable juror could find the defendant guilty beyond a reasonable doubt. Gleeton v. State, 716 So.2d 1083, 1087 (Miss.1998). Upon review, the court will accept as true "all credible evidence which is consistent with guilt." Collier v. State, 711 So.2d 458, 461(¶ 11) (Miss.1998).
¶ 6. During J.W.'s testimony, he stated that he was afraid of the defendant and did not feel free to leave during the encounter. He also testified that he did not feel that he had any choice but to comply with the demands of Winters because Winters carried a knife and stated to him that he had a .38 caliber pistol hidden in the abandoned house.
¶ 7. The Mississippi Supreme Court has ruled that "our case law clearly holds that the unsupported word of the victim of a sex crime is sufficient to support a guilty verdict." Collier, 711 So.2d at 462. In the present case, considering J.W.'s testimony in light of the applicable standard of review and relevant case law, there was sufficient evidence presented to the jury by the State with regard to the element of lack of consent.
¶ 8. Winters also challenges the jury's evaluation of the weight and credibility of the evidence. We will not disturb a jury's verdict and order a new trial "unless convinced that the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice." Burrell v. State, 613 So.2d 1186, 1190 (Miss.1993).
¶ 9. During the trial, "the jury is charged with the responsibility of weighing and considering the conflicting evidence of the witnesses and determining whose testimony should be believed." McClain v. State, 625 So.2d 774, 780 (Miss.1993). In the present case, the jury considered the evidence presented and found the testimony of J.W. to be more credible than that of Winters.
¶ 10. The jury was presented with conflicting accounts of the events that occurred on November 6, 1994. J.W. testified that Winters approached him and discussed his involvement in a program with local police addressing students about the pitfalls of gangs and drugs. Winters asked J.W. if he wanted to help Winters speak at J.W.'s school because J.W. could make twenty to thirty dollars for the speaking engagement. J.W. stated that he went with Winters that day because he was under the impression that he was going to meet the police officers involved in the program. He stated that Winters expressed that the police would come by the abandoned house because that is where they went to "hang out" and "relax." He testified that once inside, Winters told him to take his clothes off and that he did not want to take off his clothes, but did so because Winters mentioned that there was a gun in the house. J.W. also testified that Winters had a knife with him and that Winters threatened J.W. that if he screamed, he would get hurt. Out of fear that Winters would hurt him, J.W. did not leave and performed the acts with Winters.
*188 ¶ 11. Alternatively, Winters claimed that J.W. went with him willingly for the purpose of having a sexual encounter. Winters claimed that he did not coerce J.W. or force him to perform the sexual acts.
¶ 12. The weight and sufficiency of the evidence supports the verdict. Therefore, this assignment of error is without merit.

II. WHETHER THE COURT ERRED IN AMENDING THE INDICTMENT.
¶ 13. The court allowed the prosecution to amend the indictment on the day of trial in response to Winters's counsel's statement that count one was confusing and contradictory. Count one of the original indictment reads in part: "Winters ... unlawfully ... sexually penetrate[d] the body of [J.W.], ... by performing the sexual act of fellatio upon [him], against the will and without the consent of [J.W.]." Winters claimed the indictment was confusing because he could not penetrate the body of the victim by performing oral sex upon him. In response, the State's motion to amend read that Winters "did unlawfully, willfully, and feloniously engage in sexual penetration with [J.W.] ... by performing the sexual act of fellatio...." Winters now argues the change in wording was one of substance and should not have been allowed and that the amended indictment did not properly inform him of the charge against him.
¶ 14. As to Winters's first argument, courts may amend an indictment to correct a defect in form but "defects of substance must be corrected by the grand jury." Rhymes v. State, 638 So.2d 1270, 1275 (Miss.1994). A change in an indictment is permissible if "it does not materially alter facts which are the essence of the offense on the face of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood as to prejudice the defendant's case." Id.
¶ 15. In addressing the first criteria set forth in Rhymes, the amendment did not materially alter the essence of the offense or the elements of the crime of sexual battery. In the original and the revised versions of the indictment, the sexual penetration element stated was the act of fellatio between Winters and J.W. Sexual penetration was defined by the legislature in Miss.Code Ann. § 97-3-97 (Rev.2000) to include fellatio. This act of performing oral sex upon J.W. constituted "sexual penetration" because "contact ... between a person's mouth, lips, or tongue and ... genital ..., whether by kissing, licking, or sucking, is `sexual penetration,' regardless of gender of victim or perpetrator." Hennington v. State, 702 So.2d 403, 408 (¶ 17) (Miss.1997). In Miller v. State, 636 So.2d 391, 396 (Miss.1994), the court stated, "fulfillment of the sodomy penetration requirement is not restricted to acts wherein the accused does the penetrating. We hold that an act of fellatio performed by the accused is an act proscribed by the statute." Therefore, the amendment did not change the facts or the elements, but served to clarify the description of the act of oral sex.
¶ 16. In defining the second criteria set forth in Rhymes, a defendant is not prejudiced by an amendment to an indictment if "a defense as it originally stood would be equally available after the amendment was made." Chandler v. State, 789 So.2d 109, 110(¶ 4) (Miss.Ct.App.2001). In the present case, Winters was not prejudiced by the loss of any defense with regard to the clarification of the description of the act of oral sex. Winters testified that this act of oral sex took place. Winters's defense was that J.W. was a willing participant in the encounter. The amendment did not affect the second element of lack of consent. *189 This defense was still available to Winters after the amendment.
¶ 17. Furthermore, the Mississippi Supreme Court has held that an amendment to an indictment has prejudiced the defendant if the defendant offers evidence that he could have produced a stronger defense had the indictment not been amended. Givens v. State, 730 So.2d 81, 87-88 (¶ 20-23) (Miss.Ct.App.1998). Not having presented such evidence, we fail to find that Winters suffered prejudice as a result of the amended indictment.
¶ 18. Winters's second argument is that the amended indictment failed to adequately inform him of the charges against him. In Hines v. State, 472 So.2d 386, 390 (Miss.1985), the Mississippi Supreme Court determined the sufficiency of an indictment for sexual battery by stating:
we hold that an indictment which charges sexual penetration of an identified victim, on a specified date in a specified geographical location, including the charge that the acts were committed unlawfully, willfully and feloniously and a typed label at the top reading "SEXUAL BATTERY": MCA 97-3-95(a) charges the accused with the criminal offense of sexual battery with such force that his demurrer will be unavailing.
¶ 19. The amended indictment in the present case gave the date and location of the events, specified the victim, described the act that constituted the element of sexual penetration, indicated the acts were performed against the will of the victim, and was labeled to indicate that the charges were for sexual battery in violation of Miss.Code Ann. § 97-3-95. The change to the indictment was proper and the indictment adequately informed Winters of the charges against him. This assignment of error is without merit.

III. WHETHER THE TWO COUNT INDICTMENT WAS MULTIPLICATUS AND SUBJECTED WINTERS TO DOUBLE JEOPARDY.
¶ 20. Winters claims that the indictment is multiplicatus and is a violation of double jeopardy because it charged him with two counts of sexual battery for acts that occurred during the same sexual encounter with the same victim. Winters argues that based on Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and the Mississippi application of Blockburger in Shook v. State, 552 So.2d 841 (Miss.1989), the court must determine if the two acts of sexual penetration constitute the "same offense." "The test to be applied is whether each provision requires proof of a fact which the other does not." Id. at 848.
¶ 21. According to Alexander v. State, 811 So.2d 272 (Miss.Ct.App.2001), two acts of sexual battery are distinct and therefore the same transaction rule is not applicable. In Alexander, the Court stated that it was appropriate to charge the defendant with two counts of sexual battery for two separate incidents of penetration of the victim's body during the same encounter. Id. at ¶ 24.
¶ 22. Winters testified that he had both oral and anal sex with J.W. While these acts occurred at the same encounter, they were separate violations of J.W.'s body requiring proof of separate facts. Each count required proof with regard to the type of penetration that occurred and to the lack of consent that was given. Count one required proof that the act of oral sexual penetration occurred and that J.W. did not consent to the act of oral sex. Count two required proof that the act of anal sexual penetration occurred and that J.W. did not consent to this separate act.
*190 ¶ 23. These acts constituted two separate incidents because they required proof of facts of two separate acts of penetration, oral and anal, and lack of consent to each different act. This assignment of error is without merit.
¶ 24. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT OF CONVICTION OF TWO COUNTS OF SEXUAL BATTERY AND SENTENCE OF TWENTY YEARS ON EACH COUNT TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.
NOTES
[1] We will protect the identity of the minor by calling him J.W.