915 So.2d 457 (2005)
Alfred HUGHERY, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00825-COA.
Court of Appeals of Mississippi.
April 19, 2005.
Rehearing Denied September 20, 2005.
Certiorari Denied December 1, 2005.
*458 Alfred Hughery, Jr., Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before LEE, P.J., GRIFFIS, and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Petitioner's motion for post-conviction relief was denied by the Panola County Circuit Court. Finding no error, we affirm.

STATEMENT OF FACTS
¶ 2. In September 1990, Alfred Hughery, Jr. was indicted by a grand jury in the First Judicial District of Panola County in criminal cause CR90-89CP1 for conspiracy to commit grand larceny, and two counts of grand larceny. Hughery was indicted as a Miss.Code Ann. § 99-19-81 (Rev. 2000) habitual offender. The grand larcenies occurred on April 4 and 10, 1990 respectively. Additionally, in September 1990, Hughery was indicted in the Second Judicial District of Panola County in criminal cause CR90-59CP2 for conspiracy to commit grand larceny, and one count of grand larceny. Hughery was again indicted as a habitual offender. This grand larceny charge also occurred on April 10, 1990. Each of the grand larcenies charged from indictments CR90-89CP1 and CR90-59CP2 involved Hughery taking away copper wiring from the Mississippi Power and Light Company.
¶ 3. In October 1990, Hughery pled guilty in cause CR90-89CP1 to the two counts of grand larceny. Hughery was represented by counsel at that proceeding. Hughery was sentenced to serve two consecutive three year terms in the custody of the Mississippi Department of Corrections (MDOC). He was also sentenced to serve two consecutive suspended five year sentences. However, in June 2000, Hughery's suspended five year sentences were revoked following a revocation hearing. Hughery was subsequently convicted by a jury for the crime which was the basis of the revocation hearing. He was sentenced to a term of four years in the custody of MDOC which was to run consecutively with the sentences he was serving on the revocations.
¶ 4. Hughery filed a motion for post-conviction relief in January 2001. The circuit court denied his motion. Aggrieved, Hughery appeals pro se to this Court asserting the following issues: (1) whether Hughery's sentences must be set aside as violative of Miss.Code Ann. § 47-7-33 (Rev.2004), and (2) whether Hughery was subjected to double jeopardy.

ISSUES AND ANALYSIS

I. Whether Hughery's sentences must be set aside as violative of Miss.Code Ann. § 47-7-33.
¶ 5. Our standard of review of a trial court's denial of a motion for post-conviction relief is clear; we review questions of law de novo, and we will not reverse the factual findings of the trial court unless they are clearly erroneous. Boddie v. State, 875 So.2d 180, 183(¶ 6) (Miss.2004).
¶ 6. Miss.Code Ann. § 99-39-5(2) provides that in order for a petition for post-conviction relief to be considered, it must be brought within three years from the date on which the plea was entered. There are, however, several exceptions to *459 this statutory time bar which include appeals based on an illegal sentence and pleas made involuntarily. Miss.Code Ann. § 99-39-5(1). Despite being time barred, Hughery's motion warrants an out-of-time review by this Court because he raises several issues which are exempted from the statutory time bar.
¶ 7. Hughery asserts that the suspended sentence he received as a result of his guilty pleas was illegal, and should be set aside, because he was sentenced as a habitual offender. Hughery maintains that the circuit court's sentencing order was illegal because according to § 47-7-33(1) he could not be given a suspended sentence since he was a prior convicted felon. Section 47-7-33(1) provides that:
When it appears to the satisfaction of any circuit court ... that the ends of justice and the best interests of the public, as well as the defendant, will be served thereby, such court ... shall have the power, after conviction or a plea of guilty, except ... where the defendant has been convicted of a felony on a previous occasion ... to suspend the imposition or execution of sentence, and place the defendant on probation....
¶ 8. The statute notwithstanding, this Court has previously held that "[a defendant] cannot stand mute when he is handed an illegal sentence which is more favorable than what the legal sentence would have been, reap the favorable benefits of that illegal sentence, and later claim to have been prejudiced as a result thereof." Graves v. State, 822 So.2d 1089, 1091(¶ 8) (Miss.Ct.App.2002).
¶ 9. The record reflects that the circuit judge could have sentenced Hughery to twenty years of confinement for the crimes to which he pled guilty, rather than the six years he actually received. Hughery certainly benefitted from the circuit judge's sentencing order and was not prejudiced by the sentence he received. Hughery could still be reaping the benefits of the circuit judge's suspended sentence if he had not been convicted of yet another felony. This Court sees no reason to deviate from Graves, and we find this issue to be without merit.

II. Whether Hughery was subjected to double jeopardy.
¶ 10. Hughery asserts that he was placed in double jeopardy in violation of the constitutions of the United States and of Mississippi. The record, however, clearly reflects that Hughery admitted committing two separate offenses as detailed in the indictment. The circuit judge clearly explained the separate charges to Hughery and he stated that he understood them and the consequences. Hughery then stated that he wished to plead guilty to both of them. This Court is aware that these offenses occurred close in time and involved the same victim; however, it is well-settled that separate acts, though committed close in point of time to one another, may constitute separate criminal offenses. Clemons v. State, 482 So.2d 1102, 1106 (Miss.1985). The record reflects that the grand larcenies occurred at different times, in different locations, and arose from separate acts. Based on the record facts, we find that Hughery was not subjected to double jeopardy.
¶ 11. THE JUDGMENT OF THE PANOLA COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.