ROBERTS, J.,
 

 for the Court.
 

 ¶ 1. On January 24, 2007, a jury sitting before the Harrison County Circuit Court found John Woods, Jr., guilty of one count of statutory rape, one count of sexual battery, and two counts of unlawful touching of a child under the age of sixteen. Post-trial, Woods filed an unsuccessful motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial. Aggrieved, Woods appeals and argues that his rights under the Double Jeopardy
 
 *364
 
 Clause of the United States Constitution were violated because his convictions for unlawful touching of a child under the age of sixteen merged with his conviction of sexual battery. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. While attending a family birthday party in April 2005, Karmen Smith (Kar-men), along with her mother, noticed her seven-year-old niece, T.S.,
 
 [1]
 
 walking awkwardly. When the two women asked T.S. why she was walking “that way,” T.S. burst into tears and then continued to cry as they urged her to tell them what was wrong. Karmen then took T.S. into a bedroom to determine why T.S. was upset. After removing T.S.’s pants, Karmen observed a “creamy yellowish discharge” between T.S.’s legs. Karmen continued questioning T.S. about what had happened, and T.S. stated, “Sweet did it.” “Sweet” is the nickname T.S. called Woods. Woods was a long-time family friend, and he sometimes slept on the couch in the living room of T.S.’s home. Woods had stayed at T.S.’s home the night before the birthday party.
 
 [2]
 

 ¶ 3. After T.S.’s mother observed T.S.’s condition and heard the same account as Karmen, the police were called, and T.S. was taken to the emergency room of Memorial Hospital in Gulfport, Mississippi for evaluation. T.S. had sustained injuries to her labia majora, the outside fold of her vagina, and medical tests revealed that T.S. had contracted gonorrhea. Woods also tested positive for gonorrhea.
 

 ¶ 4. T.S. described the incident to Kar-men and her mother; she was interviewed numerous times by police and medical personnel; and she testified in court.
 
 [3]
 
 T.S. consistently stated that the night before the party, while she was sleeping on the living room floor, Woods laid down beside her, molested her, and attempted to have sexual intercourse with her. T.S. told Woods “it hurt” and “to stop,” and Woods got up and went back to the sofa.
 

 ¶ 5. T.S. also stated that, at some point after the incident in the living room, she went to her mother’s bedroom and got into bed with her mother. Woods later followed T.S. into the bedroom and began to touch her buttocks again. When T.S. told him to stop, Woods returned to the living room. Woods also threatened T.S. When Karmen told T.S. that they were going to call the police, T.S. resisted stating: “No. He said that he was going to kill me if I told.” At trial, T.S. testified that she was scared of Woods.
 

 ¶ 6. Woods was indicted on five counts: Count I, statutory rape in violation of Mississippi Code Annotated section 97-3-65(l)(b) (Rev.2006); Count II, sexual battery in violation of Mississippi Code Anno
 
 *365
 
 tated section 97-3-95(1)(d) (Rev.2006) for “inserting his finger into the anus” of the victim; Count III, sexual battery in violation of Mississippi Code Annotated section 97 — 3—95(l)(d) for “inserting his finger into the vagina” of the victim; Count IV, touching a child for lustful purposes in violation of Mississippi Code Annotated section 97-5-23(1) (Rev.2006) for touching the victim’s vagina: and Count V, touching a child for lustful purposes in violation of Mississippi Code Annotated section 97-5-23(1) for touching the victim’s buttocks. Woods was convicted on all counts, with the exception of Count III, which was dismissed by the trial judge at the close of the State’s case, and he was sentenced to serve a total of fifty years in the custody of the Mississippi Department of Corrections (MDOC). From his convictions and sentences, Woods files this appeal.
 

 DISCUSSION
 

 ¶ 7. Claiming that his constitutional rights have been violated, Woods raises one issue on appeal. He argues that Mississippi law regards “touching” as a lesser-included offense of sexual battery with penetration. He also asserts that his “convictions] of both touching and sexual battery with digital penetration of the anus.... merge for the purposes of [the] Double Jeopardy Clause of the United States Constitution.” With this view in mind, Woods argues that his “rights under the Double Jeopardy Clause have ■ been violated, [and] his conviction [and sentence for touching] should be reversed.” We disagree. We will discuss the loathsome facts as briefly and succinctly as possible to verify that our evaluation and application of the law is correct.
 

 ¶ 8. “We apply a de novo standard of review to claims of double jeopardy.”
 
 Boyd v. State,
 
 977 So.2d 329, 334(¶ 14) (Miss.2008) (citation omitted). “The constitutional protection at issue, commonly known as the double-jeopardy clause, is enforceable against the states through the Fourteenth Amendment. Its protection prohibits,
 
 inter alia,
 
 multiple punishments for the same offense.”
 
 Id.
 
 at (¶ 15). “[A] conviction can withstand [a] double-jeopardy analysis only if each offense contains an element not contained in the other.”
 
 Id.
 
 at (¶ 16) (citation omitted). “If they do not, the two offenses are, for double-jeopardy purposes, considered the same offense, barring prosecution and punishment for both.”
 
 Id.
 
 (citation omitted).
 

 ¶ 9. The only issue Woods raises on appeal relates to his conviction of sexual battery under Count II, and for touching a child for lustful purposes under Count V, wherein he was convicted for touching T.S.’s buttocks.
 
 [4]
 
 Woods relies upon
 
 Friley v. State,
 
 879 So.2d 1031 (Miss.2004), which established that touching
 
 may
 
 be a lesser-included offense to some types of sexual battery. Woods is accurate in his recitation of Friley’s holding, but a review of the
 
 *366
 
 record and other applicable case law reveals that Woods’s actions, which took place in T.S.’s mother’s bedroom, are not shielded by
 
 Friley.
 
 First, we briefly recap the facts of
 
 Friley
 
 in order to distinguish the facts of the instant case.
 

 ¶ 10.
 
 Friley
 
 involved the sexual battery and molestation of a nine-year-old girl while she was swimming in a pool at her grandmother’s home.
 
 Friley,
 
 879 So.2d at 1032(¶ 2). The child was sexually assaulted by Friley, who was servicing the pool, when he “cornered her, placed a plastic bag in front of her face, put his hand in the bottom of her swimsuit, and inserted his Anger into her vagina.”
 
 Id. Friley
 
 was convicted of the lesser-included offense of molestation or touching, and the case was reversed and rendered, finding that the trial court erred when it found the crime of molestation to be a lesser-included offense of sexual battery.
 
 Id.
 
 at 1033 (¶¶4, 5). The supreme court reinstated the trial court’s judgment holding that “[w]here penetration has been achieved by touching a child under the age of [fourteen], molestation is a lesser-included offense of sexual battery.”
 
 Id.
 
 at 1035(¶ 18). Unlike
 
 Fri-ley,
 
 the record indicates that Woods’s cidmes against T.S. were not confined to one event or act.
 

 ¶ 11. As stated, T.S. was questioned by Karmen and her mother, interviewed several times by police officers and medical personnel, and testified in court. T.S. unwaveringly recounted that while she was sleeping on the living room floor, Woods lay down beside her, “put his hand
 
 in
 
 her butt,” then tried to “put his stuff in her stuff,” and she told him “it hurt” and “to stop.”
 
 [5]
 
 T.S. said that Woods did stop at that time and went back to the sofa. However, he later followed her into her mother’s room, where she had gotten into bed with her mother, and began to “feel her butt” again. The record supports that the second incident of touching was in violation of Mississippi Code Annotated section 97-5-23.
 
 [6]
 

 ¶ 12. We note that “[t]he molestation statute requires a showing of intent in that the State must prove that a defendant’s actions were done “with ... purpose.’”
 
 Friley,
 
 879 So.2d at 1035(¶16). However, “[i]t is well settled that intent can be inferred from a defendant’s actions.”
 
 Id.
 
 (citation omitted). Considering that Woods had raped T.S. earlier in the living room, we, along -with the jury, make a reasonable inference that his second incidence of “touching” T.S. was with the purpose of gratifying his lust or indulging his depraved licentious sexual desires.
 

 ¶ 13. The record does not reveal how much “touching” of T.S.’s buttocks may have occurred before or in connection with Woods committing sexual battery against T.S., but it is clear that T.S. repeatedly described a second incident of “touching for lustful purposes” when
 
 *367
 
 Woods pursued her a second time,
 
 after
 
 she had removed herself from his presence. “[I]t is well-settled that separate acts, [against the same victim][,] ... committed close in ... time to one another, may constitute separate criminal offenses.”
 
 Hughery v. State,
 
 915 So.2d 457, 459(¶ 10) (Miss.Ct.App.2005) (citing
 
 Clemons v. State,
 
 482 So.2d 1102, 1106 (Miss.1985)).
 

 ¶ 14. We find
 
 that Winters v. State,
 
 814 So.2d 184 (Miss.Ct.App.2002) is analogous to the case at bar. Winters, a twenty-five-year-old man, lured a fourteen-year-old boy into an abandoned house where he performed oral and anal sex upon the boy.
 
 Id.
 
 at 186(¶ 2). Winters was indicted and convicted of two counts of sexual battery, “one for the act of oral sex and the other for the act of anal sex.”
 
 Id.
 
 Even though Winter’s acts were part of the same lurid intent and scheme upon the fourteen-year-old boy, we found that he nonetheless committed two separate acts with distinct elements that had to be proven; therefore, they constituted two separate crimes.
 
 Id.
 
 at 190(¶ 23). The same is true in the instant case.
 

 ¶ 15. Woods sexually assaulted T.S. in the child’s living room when he committed statutory rape. He sexually assaulted her again when he committed sexual battery by inserting his finger into her anus. He committed the crime of unlawful touching when he touched her vagina, before raping her, for the purpose of indulging his depraved licentious sexual desires.
 
 [7]
 
 Just as Winters committed a second crime of sexual battery, Woods committed a second crime of touching for the purpose of indulging his depraved licentious sexual desires when he waited and then went to T.S.’s mother’s bedroom and began to “feel [T.S.’s] butt”
 
 again.
 
 These were two separate acts or encounters between Woods and T.S. Consequently, these acts constituted two separate crimes.
 
 Id.
 
 at 190(¶23).
 
 Friley
 
 is not applicable to the second crime of touching committed by Woods, as there was not a second sexual battery conviction in which the lesser-included offense of touching could merge into. We are mindful that “[t]he State may not obtain [a] conviction on separate, independent multiple charges without offering separate and independent proof to sustain each charge.”
 
 Clemons,
 
 482 So.2d at 1106. However, it is clear from the record that evidence was presented by numerous witnesses that T.S. consistently described a second act of touching at a different time and in a different location of the house: The State presented separate and independent proof of each charge. It is of no significance that the indictment or judgment does not specify that the second “touching” charge was for the unlawful “touching” that Woods committed in the bedroom, rather than the living room.
 

 CONCLUSION
 

 ¶ 16. The supreme court has stated, “the Fifth Amendment protection against double jeopardy encompasses three separate sub-protections: (1) protection against a second prosecution for the same offense following an acquittal; (2) protection against a second prosecution for the same offense following a conviction; and (3) protection against multiple punishments for the same criminal offense.”
 
 Gibson v.
 
 
 *368
 

 State,
 
 818 So.2d 372, 375(¶ 10) (Miss.Ct.App.2002) (Citing
 
 Thomas v. State,
 
 711 So.2d 867, 870(¶ 14) (Miss.1998)). The record clearly evinces two separate acts of touching by Woods. Pursuant to the precedent of
 
 Hughery
 
 and
 
 Winters,
 
 we find that Woods has not suffered a second prosecution for the same offense, nor has he suffered multiple punishments for the same criminal offense. Therefore, we find that Woods’s constitutional rights have not been violated. Accordingly, we find this argument is without merit.
 

 ¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF COUNT I, STATUTORY RAPE, AND SENTENCE OF THIRTY YEARS; COUNT II, SEXUAL BATTERY, AND SENTENCE OF THIRTY YEARS TO RUN CONCURRENTLY WITH COUNT I; COUNT IV, TOUCHING OF A CHILD FOR LUSTFUL PURPOSES, AND SENTENCE OF TEN YEARS TO RUN CONSECUTIVELY TO COUNTS I AND II; AND COUNT V, TOUCHING OF A CHILD FOR LUSTFUL PURPOSES, AND SENTENCE OF TEN YEARS TO RUN CONSECUTIVELY TO COUNTS I, II, AND IV, ALL IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . We will protect the identity of the minor by calling her T.S. and by not disclosing T.S.'s mother’s name.
 

 [2]
 

 . As well as verbally telling relatives and police that “Sweet” had sexually assaulted her, T.S. also identified Woods in a police photographic lineup.
 

 [3]
 

 . The trial judge found that T.S., who was eight years old at the time of trial, was competent to be a witness under Mississippi Rule of Evidence 601. The trial judge stated that T.S. appeared to understand what was going on; she was intelligent enough to answer questions appropriately; she understood the importance of telling the truth; and she appeared to remember enough of the event to testify. In the course of her testimony, T.S. indicated that an individual named "Sweet” touched her on her “privates.” The trial judge ultimately made a determination that there were substantial indicia of reliability under Mississippi Rule of Evidence 803(25) to warrant the admission of hearsay statements, made by T.S., through various witnesses.
 

 [4]
 

 . Sexual battery is defined by Mississippi Code Annotated
 
 section
 
 97-3-95, which provides in part: (1) “A person is guilty of sexual battery if he or she engages in sexual penetration with: ... (d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.”
 

 And, Mississippi Code Annotated section 97-5-23, defines the crime of touching a child for lustful purposes as:
 

 Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child's consent....
 

 [5]
 

 . Andrea Cauley, the trained sexual-assault nurse who examined T.S., testified that T.S.'s injuries were consistent with a grown man attempting to have sexual intercourse with a child T.S.'s age. Officer Tonya Laville, the police officer who responded to Karmen’s call, testified that T.S. told her that "Sweet Pea had placed his finger into her rear,” and then “tried to put his stuff into her stuff.” Also, during several interviews with medical personnel and police detectives, through the aid of drawings of boys and girls, T.S. identified "stuff" as being in the pelvic region between one’s legs.
 

 [6]
 

 .
 
 We note that the terms "molestation,” "touching,” and "fondling” may be used interchangeably, but regardless of the term used, Mississippi Code Annotated section 97-5-23 has been called the "gratificalion-of-lust” statute and/or the "unlawful-touching” statute.
 
 Friley,
 
 879 So.2d at 1033 n. 4.
 

 [7]
 

 . "The lustful touching of a child under fourteen is not necessarily a lesser[-]included offense of statutory rape. Lustful touching is, however, a lesser[-]related offense."
 
 Branch v. State,
 
 998 So.2d 411, 417(¶ 127) (Miss.2008) (internal citations and quotation omitted).
 
 “The elements of a lesser, non-included offense are not all contained in the greater.
 
 Therefore, such an offense is not automatically charged in an indictment charging the greater.”
 
 Id.
 
 (citation omitted).