LEE, C.J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. Christopher Minor was indicted in the Circuit Court of Copiah County on two counts of sexual battery and one count of touching and fondling for lustful purposes. One of the two counts of sexual battery was dismissed prior to trial. Minor was found guilty of the two remaining counts. During sentencing, the trial court found that Minor was guilty of one crime because the fondling conviction merged with the sexual-battery conviction. Minor was sentenced to two concurrent fifteen-year sentences in the custody of the Mississippi Department of Corrections.
¶ 2. Minor now appeals, arguing that the trial court erred in ordering him to serve two separate sentences after merging the two counts charged in the indictment. The State agrees that the sentencing order should be clarified or, in the alternative, that Minor be re-sentenced.
FACTS
¶ 3. Minor’s daughter, Jane,[1] who was twelve years old at the time, accused Minor of touching her inappropriately. Specifically, Jane testified that Minor “took [her] underpants off and put his tongue between [her] front, [her] private area....” She testified that he told her not to tell anyone this happened. Jane stated that this happened more than once, although she went on to state that Minor did not take her pants off more than one time. She also testified that he showed her “nasty pictures” and let her drink beer.
*1004 DISCUSSION
¶ 4. Minor argues that allowing his two sentences to stand would be a violation of double jeopardy. He asserts that the two counts -with which he was charged stem from the same action; thus, he was subjected to double jeopardy because he received two separate sentences.
¶ 5. Minor was indicted under Mississippi Code Annotated sections 97-3-95 (Rev. 2006) and 97-5-23 (Rev.2006). Section 97-3-95(2), sexual battery, states: “A person is guilty of sexual battery if he or she engages in sexual penetration with a child under the age of eighteen (18) years if the person is in a position of trust or authority over the child including without limitation the child’s ... parent.... ” Section 97-5-23(2), gratification of lust, states:
Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child younger than himself or herself and under the age of eighteen (18) years who is not such person’s spouse, with or without the child’s consent, when the person occupies a position of trust or authority over the child shall be guilty of a felony....
¶ 6. Count I of the indictment was dismissed. Count II charged Minor with “placing his tongue into the vagina of the [victim]” in violation of section 97-3-95. Count III stated that Minor “did wilfully, unlawfully and feloniously lick the vagina of the victim” in violation of section 97-5-23.
¶ 7. The trial judge made the following statement during Minor’s sentencing:
... [F]irst of all, for the record, I find that these two counts merge. I believe that the — because of the testimony that was introduced in the trial of this cause, I believe that both Count A, which was Count 2 of the indictment, and Count B, which was Count 3 in the indictment — I do believe that the two counts merge because of the testimony. So I’m going to — only going to sentence as to one— one thing. So therefore, the Court, for the — as to Count 2, the sexual battery— as to Count 2, the Court hereby sentences you to serve 15 years in the custody of the Mississippi Department of Corrections. I will also sentence you to serve 15 years in the custody of the Mississippi Department of Corrections as to Count B, or Count 3 of the indictment. However, I will allow these two sentences to run concurrently, one with the other, which will give you one 15-year sentence to serve.
The sentencing order also reflects that the trial court “merge[d] the two counts as one” and ordered that the two fifteen-year sentences “run concurrently one with the other.”
¶ 8. The Mississippi Supreme Court held in Friley v. State, 879 So.2d 1031, 1035 (¶ 18) (Miss.2004), that when penetration is achieved by touching a child who is under the age of consent, gratification of lust is a lesser-included offense of sexual battery. Because it was impossible in this case for Minor to have committed sexual battery without also having committed the crime of gratification of lust, the two crimes must be merged. Id.
¶ 9. One of the protections of double jeopardy is “against multiple punishments for the same criminal offense.” Gibson v. State, 818 So.2d 372, 375 (¶ 10) (Miss.Ct.App.2002) (citing Thomas v. State, 711 So.2d 867, 870 (¶14) (Miss.1998)). “We apply a de novo standard of review to claims of double jeopardy.” Woods v. State, 30 So.3d 362, 365 (¶8) (Miss.Ct.App.2009) (quoting Boyd v. State, *1005 977 So.2d 329, 334 (¶ 14) (Miss.2008)). “[A] conviction can withstand [a] double-jeopardy analysis only if each offense contains an element not contained in the other.” Boyd, 977 So.2d at 334 (¶ 16) (citation omitted). “If they do not, the two offenses are, for double-jeopardy purposes, considered the same offense, barring prosecution and punishment for both.” Id. (citation omitted). Minor cannot be found guilty of both crimes without his right against double jeopardy being violated.
¶ 10. The dissent asserts that sufficient evidence exists to support separate acts of gratification of lust and sexual battery; thus, merger was unnecessary. We agree that if Minor committed the same act on more than one occasion, the separate charges could have stood on their own and would have been appropriate. However, the trial judge found insufficient evidence to support convictions based on two separate acts. After hearing the testimony, the trial judge determined that Counts II and III of the indictment stemmed from a single act. Count II stated that Minor “plac[ed] his tongue into the vagina of the [victim],” and Count III stated that Minor “lick[ed] the vagina of the victim.” Jane was asked repeatedly “how many times did he come in and take your pants off ... ?” Each time Jane responded that it was not more than one time. The trial judge stated that “because of the testimony that was introduced,” only one conviction was supported. We find that the trial judge’s decision was consistent with the evidence.
¶ 11. Minor should not have received two sentences, regardless of the fact that the sentences were ordered to run concurrently. The trial court recognized this by merging the two convictions. Nonetheless, the trial court ordered two separate sentences. We affirm the jury’s guilty verdict of sexual battery. However, we reverse and render as to the conviction of gratification of lust because it arose from the same event underlying the sexual-battery charge. Because the crimes merged, Minor is to serve a single fifteen-year sentence for sexual battery.
¶ 12. THE JUDGMENT OF THE CO-PIAH COUNTY CIRCUIT COURT OF CONVICTION OF COUNT II, SEXUAL BATTERY, AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. THE JUDGMENT OF CONVICTION OF COUNT III, GRATIFICATION OF LUST, AND THE CONCURRENT SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR. CARLTON, J„ DISSENTS WITH SEPARATE WRITTEN OPINION. MYERS AND RUSSELL, JJ., NOT PARTICIPATING.

. This Court declines to identify minor victims of sexual crimes. An alias has been substituted for the minor's name.