# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-01520-COA

**KENNY STEWART A/K/A KENNY CORDELL
STEWART**                                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                 **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/16/2014 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: MOLLIE MARIE MCMILLIN |
| |     GEORGE T. HOLMES |
| | AAFRAM YAPHET SELLERS |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOSEPH SCOTT HEMLEBEN |
| |     JASON L. DAVIS |
| DISTRICT ATTORNEY: | RICHARD EARL SMITH JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, SEXUAL BATTERY, AND SENTENCED TO TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWENTY YEARS TO SERVE, FIVE YEARS SUSPENDED, AND FIVE YEARS OF POST-RELEASE SUPERVISION; COUNT II, MOLESTATION, AND SENTENCED TO SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWO YEARS TO SERVE, FIVE YEARS SUSPENDED, AND FIVE YEARS OF POST-RELEASE SUPERVISION, WITH THE SENTENCES TO RUN CONSECUTIVELY, AND TO REGISTER AS A SEX OFFENDER |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART: 02/07/2017 |
| MOTION FOR REHEARING FILED: | |

MANDATE ISSUED:

**EN BANC.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Kenny Stewart appeals his conviction of sexual battery and molestation. Based on the facts of this case, we find molestation is a lesser-included offense of and merges with sexual battery. Therefore, we affirm in part, and reverse and render in part.

FACTS AND PROCEDURAL HISTORY

¶2.     On August 2, 2013, Monica Lewis went to work and left her children at home with Stewart, her boyfriend. Shortly after she arrived at work, Lewis noticed a stain on her clothes and returned home to change. When she got home, Lewis realized her nine-year-old daughter, M.L., was not in her bedroom.[1] As a result, Lewis went to the bedroom she shared with Stewart and saw that the door was closed. When Lewis opened the door and turned on the light, she discovered M.L. in bed with Stewart. Specifically, M.L. was in the bed, on her back, with her hands behind her head. Stewart was in the bed, on his stomach, with his head between M.L.'s legs.

¶3.     Stewart was indicted on Count I, sexual battery, and Count II, molestation. A jury trial was held during which M.L., Lewis, and an investigator with the Vicksburg Police Department testified. M.L. testified that on the morning in question, she went into her mother's bedroom to look for a remote control. She found the remote and took it back to her

_____

[1] We use the child's initials to protect her identity.

2

bedroom. Later, M.L. returned to her mother's bedroom to help Stewart look for a video-game accessory. Stewart asked M.L. to look on the bed under the pillow for the accessory. When she did not find it, Stewart asked M.L. to lie on her back in the bed and to take off her underwear. M.L. testified she could not see Stewart because he was under the covers, but felt Stewart's tongue on her vagina and also felt his tongue inside of her vagina.

¶4. At the close of the State's case-in-chief, Stewart moved for a directed verdict, which the circuit court denied. Stewart then rested. The jury returned a verdict of guilty on both counts. As to Count I, sexual battery, Stewart was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections, with twenty years to serve, five years suspended, followed by five years of post-release supervision. As to Count II, molestation, Stewart was sentenced to seven years in the custody of the Mississippi Department of Corrections, with two years to serve, five years suspended, followed by five years of post-release supervision. The circuit court ordered the sentences to run consecutively, and further ordered Stewart to register as a sex offender upon release.

¶5. Stewart filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, which the circuit court denied. On appeal, Stewart argues: (1) the indictment failed to allege sufficient facts to put him on notice of the charges against him and to protect him from double jeopardy, and (2) the circuit court erred in failing to dismiss Count II of the indictment.

## ANALYSIS

3

I.       *Whether the indictment failed to allege sufficient facts to put Stewart on notice of the charges against him and to protect him from double jeopardy.*

¶6.     Stewart asserts the indictment against him was insufficient "because it failed to allege specific facts to fairly inform him of the charges against which he must defend, and it lacked specific facts to enable him to plead double jeopardy in a future prosecution." Stewart raises this issue for the first time on appeal. However, his failure to challenge the sufficiency of the indictment at the circuit-court level does not bar us from considering the issue on appeal. *See Williams v. State*, 169 So. 3d 932, 935 (¶8) (Miss. Ct. App. 2014) ("[I]t is settled that objections to the sufficiency of an indictment may be raised for the first time on appeal.").

¶7.     The legal sufficiency of an indictment is reviewed de novo. *Id.* at (¶7). The purpose of an indictment is

> to inform the defendant with some measure of certainty as to the nature of the charges brought against him so that he may have a reasonable opportunity to prepare an effective defense and to enable him to effectively assert his constitutional right against double jeopardy in the event of a future prosecution for the same offense.

*Moses v. State*, 795 So. 2d 569, 571 (¶13) (Miss. Ct. App. 2001).

¶8.     Count I of the indictment is entitled "Sexual Battery Victim Under Age 14" and alleges Stewart:

> [O]n or about August 2, 2013, in the County aforesaid, and within the jurisdiction of [the circuit c]ourt did willfully, unlawfully and feloniously engage in sexual penetration with a child[,] M.L.[,] who was under the age of 14 years, whose date of birth was September 9, 2003[,] and who was twenty-four (24) or more months younger than said defendant[,] whose date of birth was September 16, 1984, in violation of Mississippi [Code Annotated section]

4

97-3-95(1)(d) [(Rev. 2006)], contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

Count II of the indictment is entitled "Molesting" and alleges Stewart:

[O]n or about August 2, in the County aforesaid, and within the jurisdiction of [the circuit c]ourt did willfully, unlawfully, and feloniously, being a person above the age of eighteen (18) years, for the purpose of gratifying his lust or indulging his depraved, licentious sexual desires, did handle, touch or rub with his hands or other parts of his body or some member thereof M.L., a child under sixteen (16) years of age, in violation of [Mississippi Code Annotated s]ection 97-5-23 [(Rev. 2006)], contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

¶9.     The indictment specifies each offense and corresponding statute, provides the date and location of each offense, identifies the victim and the ages of the victim and the defendant, and notes that the acts were committed willfully, unlawfully, and feloniously. We find the indictment provided sufficient facts to notify Stewart of the charges against him and to enable him to plead double jeopardy in the event of a future prosecution for the same offense.

> II.     *Whether the circuit court erred in failing to dismiss Count II of the indictment.*

¶10.    Stewart next asserts the circuit court erred in failing to dismiss Count II of the indictment since there was no evidence to support a separate act of molestation. Stewart argues "[b]ecause [molestation] is a lesser-included offense of sexual battery, and because there was no testimony that [he] committed any other act of touching, the molesting charge merges with the sexual battery charge." Stewart claims his separate convictions of sexual battery and molestation amount to multiple punishments for the same offense, in violation of his constitutional right against double jeopardy.

5

¶11. "We apply a de novo standard of review to claims of double jeopardy." *Woods v. State*, 30 So. 3d 362, 365 (¶8) (Miss. Ct. App. 2009) (citation omitted). "The constitutional protection at issue, commonly known as the double-jeopardy clause, is enforceable against the states through the Fourteenth Amendment." *Id*. "Its protection prohibits, inter alia, multiple punishments for the same offense." *Id*. "[W]here sufficient evidence exits to support separate and distinct acts of fondling and sexual battery, separate indictable charges can properly stand without implicating jeopardy issues . . . even if the criminal acts are closely connected or based on a common nucleus of fact[.]" *Faulkner v. State*, 109 So. 3d 142, 148 (¶21) (Miss. Ct. App. 2013).

¶12. Under Mississippi law, sexual battery and molestation are separate and distinct criminal offenses. However, "molestation may be a lesser-included offense to some types of sexual battery." *Friley v. State*, 879 So. 2d 1031, 1034 (¶12) (Miss. 2004). In *Friley*, the nine-year-old victim was swimming in her grandmother's pool when Friley "cornered her, placed a plastic bag in front of her face, put his hand in the bottom of her swimsuit, and inserted his finger into her vagina." *Id*. at 1032 (¶2). Friley was indicted on the charge of sexual battery, but was ultimately convicted of molestation. *Id*. at 1032-33 (¶4). On appeal, the Mississippi Supreme Court upheld Friley's conviction and found that, under certain circumstances, "[w]here penetration has been achieved by touching a child under the age of 14, molestation is a lesser-included offense of sexual battery." *Id*. at 1035 (¶18).

¶13. At trial, M.L. testified as follows:

Q. So did you feel his tongue on your vagina?

A. Yes.

Q. Okay. Did you ever feel his tongue inside of your vagina?

A. Yes.

Q. Did you feel his tongue moving at all?

A. Yes.

The State argues M.L's testimony sufficiently established two separate offenses. We disagree. "The State simply may not obtain convictions on separate, independent multiple charges without offering separate and independent proof to sustain each charge." *Clemons v. State*, 482 So. 2d 1102, 1106 (Miss. 1985). While the testimony shows Stewart touched and penetrated M.L.'s vagina, there was no testimony the two acts occurred separately. In other words, there is no evidence of a touching separate from Stewart's penetration of M.L.'s vagina with his tongue. Thus, as in *Friley*, penetration was achieved by touching.

¶14. In an attempt to distinguish *Friley*, the State relies on *Mosby v. State*, 134 So. 3d 850 (Miss. Ct. App. 2014), and *Faulkner v. State,* 109 So. 3d 142 (Miss. Ct. App. 2013). However, each of these cases involves separate and distinct sexual acts. In *Mosby*, the victim's testimony established two distinct criminal acts "in that Mosby both fondled her breast and digitally penetrated her vagina." *Mosby*, 134 So. 3d at 857 (¶25). In *Faulkner,* Faulkner admitted he made A.F. touch his penis on numerous occasions and also claimed to have participated in a separate act of penetration by putting A.F.'s penis in his mouth.

7

*Faulkner*, 109 So. 3d at 148 (¶23).

¶15.    The dissent[2] correctly notes that under section 97-5-23, evidence of the unlawful touching of a child can be of any part of the child's body as long as there is sufficient proof of the requisite lustful intent or licentious sexual desire.  The dissent asserts the record reflects evidence that Stewart grabbed M.L's arm to put her in the bed for his licentious sexual desires or his lustful intent.  It is this act, the unlawful touching of M.L.'s arm, that the dissent claims supports a conviction of molestation.

¶16.    The evidence on which the dissent relies is from M.L.'s statement to the Vicksburg Police Department.[3]   On cross-examination, M.L. was shown a transcribed copy of the statement she made to the police.[4]  M.L. acknowledged that in her statement to the police, she stated Stewart "grabbed her by the arm and told her to get in the bed."[5]

¶17.    At no point during the trial did the State claim Stewart molested M.L. by touching or

_____

[2] For simplicity and ease of reading, we refer to the separate opinion as the "dissent" even though it concurs in part with our opinion.

[3] The complete statement was not introduced at trial and was not included in the record on appeal. Thus, we are unable to review the complete statement, only those portions of the statement discussed by Stewart's counsel at trial.

[4] The purpose of the police statement was to show the inconsistencies in M.L.'s testimony, since, during her statement to the police, M.L. never mentioned that she felt Stewart's tongue on her vagina or inside of her vagina.  In fact, M.L. did not mention the act at all.

[5] At trial, M.L. testified that she did not remember Stewart grabbing her arm and telling her to get in the bed, and further testified that Stewart did not ask her to have sex with him.

grabbing her arm. Instead, the State's position throughout the trial was that Stewart molested M.L. by touching her vagina. In response to Stewart's motion for a directed verdict as to molestation, the State did not cite or reference the grabbing of M.L's arm. Instead, the State relied on M.L.'s trial testimony that she felt Stewart's tongue on her vagina. Additionally, during closing arguments to the jury, the State again relied on M.L.'s testimony that she felt Stewart's tongue on her vagina as evidence of molestation. Moreover, on appeal, the State cites M.L's testimony that she felt Stewart's tongue on her vagina as support for Stewart's conviction of molestation. Thus, at every stage of litigation, the State has relied on M.L.'s testimony that she felt Stewart's tongue on her vagina as evidence of molestation.

¶18. Now, for the first time, the dissent seeks to create a new argument for the State, that being the unlawful touching of M.L.'s arm. Although Stewart was aware of M.L.'s statement to the police, Stewart was never given notice that such facts would be the basis of the State's molestation claim. More importantly, Stewart was never given the opportunity to defend such an allegation, as it was never raised at trial. Instead, the entirety of the State's case was based on the theory that M.L. felt Stewart's tongue on and inside her vagina.[6] Thus, it is not reasonable to infer that Stewart was guilty of the unlawful touching of M.L.'s arm when no such allegation was submitted or even referenced to the jury.

¶19. Additionally, the verdict indicates the jury gave more weight and credibility to M.L.'s

_____

[6] According to the investigator who testified, this case was originally investigated as one of sexual battery.

9

trial testimony, as opposed to her statement to the police, since the jury found Stewart guilty of both molestation and sexual battery. Had the jury believed M.L.'s statement to the police, then there would be no evidence to support the charge of sexual battery since M.L. never told the police that she felt Stewart's tongue inside of her vagina. Thus, although the dissent relies heavily on evidence from M.L.'s statement to the police, we find such reliance is misplaced.

¶20. We do not find sufficient evidence exists to support separate and distinct acts of molestation and sexual battery. Instead, as in *Friley*, the evidence shows penetration was achieved by touching a child under the age of fourteen. Thus, based on the facts of this case, molestation is a lesser-included offense and merges with the sexual-battery charge. As a result, Stewart's conviction of Count II, molestation, violates the Double-Jeopardy Clause. Accordingly, the judgment of the Circuit Court of Warren County is affirmed as to Count I, sexual battery, but reversed and rendered as to Count II, molestation.

¶21. **THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, SEXUAL BATTERY, AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWENTY YEARS TO SERVE, FIVE YEARS SUSPENDED, AND FIVE YEARS OF POST-RELEASE SUPERVISION, AND TO REGISTER AS A SEX OFFENDER, IS AFFIRMED. THE JUDGMENT OF CONVICTION OF COUNT II, MOLESTATION, AND SENTENCE OF SEVEN YEARS, IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, FAIR, WILSON AND GREENLEE JJ., CONCUR. CARLTON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION. WESTBROOKS, J., NOT PARTICIPATING.**

**CARLTON, J., CONCURRING IN PART AND DISSENTING IN PART:**

¶22. I concur in part and dissent in part because I would affirm both of Stewart's convictions and the judgment of the trial court. I concur with the majority in affirming Stewart's conviction in Count I of his indictment for the charge of sexual battery. I however dissent from the decision of the majority to reverse Stewart's conviction for molestation of a child under the age of sixteen. *See* Miss. Code Ann. § 97-5-23 (Rev. 2014). The majority reverses and renders Stewart's conviction in Count II of his indictment for molestation after finding insufficient evidence existed to support separate and distinct acts of molestation and sexual battery. The majority finds that Count II herein merged with Count I, and in so doing, the majority ignores the evidence in the record supporting Count II. This separate opinion addresses both the sufficiency of the evidence supporting Count II, and the sufficiency of Count II of the indictment.

¶23. In his appellate brief, Stewart argues that no evidence exists to support a separate act of molestation, and he further asserts that Count II of his indictment, molestation, should therefore merge with the sexual-battery charge in Count I. Like the majority, Stewart's argument is misplaced in that he fails to consider all of the evidence in the record submitted to the jury for consideration in determining his guilt as to both counts. In this case, the standard of review that applies on appeal clearly requires that we review "a challenge to the sufficiency of the evidence in the light most favorable to the State, giving the State the benefit of all favorable inferences reasonably drawn from the evidence." *Henley v. State*,

11

136 So. 3d 413, 415 (¶8) (Miss. 2014). Our standard of review requires that we review all of the evidence in the record, not just some of it, in the light most favorable to the State. We must reverse and render "[i]f the facts and inferences so considered point in favor of the defendant on any element of the offense with sufficient force that reasonable [jurors] could not have found beyond a reasonable doubt that the defendant was guilty[.]" *Id*. at 415-16 (¶8). Moreover, Stewart's indictment placed him on sufficient notice of the charge of violating section 97-5-23 because it alleged that he "did handle, touch[,] or rub with his hands" M.L.'s body in violation of the statute and with requisite intent.[7]

¶24. The record reflects that the jury was properly instructed on the applicable law as to the elements of the offenses charged in both Counts I and II. As stated, a review of all of the evidence in the record also reflects sufficient evidence to support Stewart's convictions for both offenses charged, sexual battery and molestation. Regarding the evidence for the conviction for sexual battery, the testimony shows that M.L. was nine years old when these offenses occurred. M.L.'s testimony at trial reflects that Stewart penetrated M.L.'s vagina with his tongue. M.L. testified that she felt his tongue on and inside of her vagina, and she also testified that she felt Stewart's tongue moving around.

---

[7] *See Warren v. State*, 187 So. 3d 616, 624-25 (¶¶17-19) (Miss. 2016) (The supreme court found that the appellant was not prejudiced by the State's failure to specify the controlled substance in the indictment, and the supreme court observed the mandatory discovery requirements of Uniform Rule of Circuit and County Court 9.04(A)); *Price v. State*, 898 So. 2d 641, 654 (¶32) (Miss. 2005); *Terry v. State*, 26 So. 3d 378, 381-82 (¶¶11, 17) (Miss. Ct. App. 2009).

¶25. The majority considers only a part of M.L.'s testimony. However, M.L. also admitted on defense cross-examination that she told police that right before Stewart touched her vagina with his tongue, Stewart had also grabbed her arm and told her to get in the bed:

> Q: Now, down here it says, Lieutenant Williams asked you, "Okay. So when you went back in there, you sat on the floor and watched television. And then what happened?" And you say, "He grabbed me by the arm and told me to get in the bed," right?
>
> A: Yes.
>
> Q: But before your testimony was that you went into the bedroom and watched TV; is that correct?
>
> A: Yes.

The context of M.L.'s testimony at trial shows that she did not deny previously telling police officers that Stewart grabbed her arm to put her in bed for sex, and her testimony further reflects M.L.'s affirmation that Stewart indeed grabbed her arm. The jury is permitted to draw any reasonable inferences from all the evidence presented in the case. *Lambert v. State*, 101 So. 3d 1172, 1177 (¶17) (Miss. Ct. App. 2012). A review of the evidence in the record as a whole that was submitted for the jury's consideration shows sufficient evidence of acts separate and distinct from the offense of sexual battery, wherein Stewart placed his tongue on and in M.L.'s vagina.

¶26. The majority's claim that Stewart lacked sufficient notice of the offense charged in Count II is misplaced. "Our review of the legal sufficiency of an indictment is an issue of law, and therefore is reviewed de novo." *Berry v. State*, 996 So. 2d 782, 785-86 (¶8) (Miss.

13

2008). The molestation charge in Count II of the indictment in this case clearly provides that "for the purpose of gratifying his lust or indulging his depraved, licentious sexual desires, [Stewart] did *handle, touch*[,] *or rub with his hands* or other parts of his body some member thereof of M.L., a child under sixteen (16) years of age, in violation of . . . [Mississippi Code Annotated] section 97-5-23." (Emphasis added). Contrary to the assertion of the majority, I submit that Stewart's indictment tracked the language, including the elements, of section 97-5-23,[8] and also sufficiently placed him on notice that his action of grabbing M.L.'s arm to instruct her to get in the bed to have sex with him could indeed be used to support the charge of molestation.[9] Moreover, contrary to the assertion of the majority, in accordance with jurisprudence, the plain language of the applicable statute, section 97-5-23, is violated by a touching of any part of the body of the victim when accomplished with the requisite lustful or licentious sexual intent.

¶27. The Mississippi Supreme Court has established that "[f]ondling involves and requires proof of offensive touching" and lustful or licentious sexual desire. *Goodnite v. State*, 799 So. 2d 64, 68 (¶23) (Miss. 2001). Additionally, evidence of a "lustful, licentious sexual

---

[8] Section 97-5-23(1) provides, in pertinent part:

Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, or with any object, any child under the age of sixteen (16) years, with or without the child's consent, . . . shall be guilty of a felony.

[9] Stewart also received discovery in this case that included M.L.'s prior statement to the police.

14

desire . . . may be inferred by a jury from behavior a witness describes." *McDonald v. State*, 816 So. 2d 1032, 1034 (¶8) (Miss. Ct. App. 2002). The instructions in this case informed the jury that Stewart was guilty of the charged molestation if the jury found from the evidence that the following elements occurred beyond a reasonable doubt: that Stewart was eighteen years old or older; that M.L. was less than sixteen years old; that Stewart unlawfully touched, handled, or rubbed M.L. with his hands or any part of his body; and that Stewart did so for the purpose of gratifying his lust, or for the purpose of indulging his depraved licentious sexual desires.

¶28. However, our standard of review requires a review of all of the evidence in the record "in the light most favorable to the verdict," and the record contains additional evidence and inferences of acts, distinct from Stewart's sexual battery of M.L.'s vagina with his tongue, showing Stewart violated section 97-5-23(1) by grabbing M.L.'s arm to put her into the bed for sex. *See King v. State*, 47 So. 3d 658, 663 (¶11) (Miss. 2010); *Nix v. State*, 8 So. 3d 141, 144 (¶15) (Miss. 2009). Hence, Stewart's conviction for molestation in this case is supported by evidence and related inferences of his unlawful touching or handling of the arm of M.L., a child under the age of sixteen years of age, to put her in bed for sex to satisfy his lustful intent and his depraved licentious sexual desires.